LORING B. JONES, administrator, *vs.* ABIEL D. BACON, administrator.

Somerset. Decided October 18, 1877.

*Will.*

An absolute power of disposal in the first taker renders a subsequent limitation repugnant and void.

*Thus,* where the testator, after making sundry bequests, proceeds as follows: " And as to the residue of my estate after payment of my just debts, I give and bequeath the same to my beloved wife. . . and lastly, I further direct if there be any of my said estate left after the decease of my said wife, then the said property left be equally divided between G & T;" *Held,* that the residue of his estate after the payment of his just debts and legacies vested absolutely in his wife.

BILL IN EQUITY, to determine the construction of a will.

John Ham, October 27, 1874, made bequests by will to Emily Crowell, his niece, $50 ; to Mrs. Charlotte Whitcomb, $25 ; to his niece, Lydia Crowell, $5, and to Hattie Bacon, $50. His will then closed as follows :

" And as to the residue of my estate, whatever, after payment of my just debts, I give and bequeath the same to my beloved

wife, Harriet Ham, whom I appoint sole executrix of this my last will and testament.

" And lastly, I further direct if there be any of my said estate left after the decease of my said wife, then said property left be equally divided between Jacob Gilman, Caroline A. Thompson and Sally Brown, my sister, if she be living at the time; if not, her share to go to her husband, John Brown, if he be living; and if neither the said Sally Brown nor her husband be living, the said property be equally divided between the said Jacob Gilman and Caroline A. Thompson."

John Ham died December, 1874. Harriet Ham, named as executrix and legatee in his will, died January, 1875, before his will was approved and allowed. After her decease the plaintiff was appointed administrator of the estate of John Ham, with the will annexed, and the defendant was appointed administrator of the estate of Harriet Ham. The bill closes with a prayer that the court will direct the plaintiff what disposition to make of the residue of the estate after payment of the debts and specific legacies.

*S. D. Lindsey*, for the plaintiff.

*S. Lancaster*, for the defendant.

Appleton, C. J. This is a bill in equity, brought by the plaintiff, as administrator with the will annexed of the estate of John Ham, against the defendant, as administrator of the estate of Harriet Ham, his wife, under the provisions of R. S., c. 77, § 5, for the purpose of obtaining the construction of his will.

The testator after making sundry specific bequests proceeds as follows: " And as to the residue of my estate, whatever, after payment of my just debts, I give and bequeath the same to my beloved wife, Harriet Ham, whom I appoint sole executrix of this my last will and testament."

The testator gives and bequeaths " the residue of his (my) estate " to his wife whom he appoints executrix. The language is the same used in the preceding specific legacies. The words embrace the entire remainder of the estate. This remainder is given to the wife. It is given in the same terms as the other

legacies, which are unquestionably absolute and which vested in the legatees. No limitation is imposed as of an estate for life. The residue is subject to the payment of the just debts of the testator. The wife is given an absolute and uncontrollable power of disposal of the estate bequeathed. "If estates," observes Shepley, J., in *Ramsdell* v. *Ramsdell*, 21 Maine, 288, 293, "be devised to a person with or without words of inheritance, and with an absolute right to sell and appropriate the proceeds at pleasure to his own use, it is not perceived how there can be a vested interest imparted to another in the same estate or property. Such full dominion in the devisee or legatee is inconsistent with and destructive of all other rights." In *Gifford* v. *Choate*, 100 Mass. 343, Hoar, J., says: "An absolute power of disposal in the first taker is held to render a subsequent limitation repugnant and void." In *Hale* v. *Marsh*, 100 Mass. 468, the testator gave all his property to his wife for life with power to dispose of the whole or any part thereof, real or personal, at her pleasure, and to manage and improve the same at her discretion, and if the income was not sufficient for her complete maintenance, he gave her power to expend so much of the principal as she might elect and for such purposes as she might deem expedient, with full power to dispose by will of such portion as might remain unexpended at her decease; but if she should die leaving any unexpended and not disposed of by will, he gave it to a third person. "The gift is of a life estate," says Foster, J., in delivering the opinion of the court, "with a full power of disposition, both by deed and will, over the entire property, without restriction as to the time, mode or purposes of the execution of the power. In such case, the authorities seem to hold that the life estate and unlimited power of disposition over the remainder coalesce and form an estate in fee, and that the devise over of what may remain is void, because inconsistent with the unlimited power of disposition given to the first taker." In *Ide* v. *Ide*, 5 Mass. 500, which is somewhat similar to the one under consideration, Parsons, C. J., says: "Whenever, therefore, it is the clear intention of the testator that the devisee shall have an absolute property in the real estate devised, a limitation over must be void,

because it is inconsistent with the absolute property supposed in the first devisee."

There would not even a question be made as to the meaning of the bequest just considered, were it not for the last clause in the will, which is as follows : "And lastly, I direct if there be any of my said estate left after the decease of my said wife, then the said property left be equally divided between Jacob Gilman, Caroline A. Thompson and Sally Brown, my sister, if she be living at the time; if not, her share to go to her husband, John Brown, if he be living ; and if neither the said Sally Brown nor her husband be living, the said property be equally divided between the said Jacob Gilman and Caroline A. Thompson."

But the remainder, as we have seen has been already disposed of. It was the wife's, charged with the payment of just debts. She had the uncontrolled power of disposal of it. The last clause is not to be regarded as a withdrawal of what had just been devised. When property has been devised absolutely, and with no restrictions upon the gift, the court will be slow in giving such a construction to subsequent words as will defeat the absolute estate just devised. "A valid executory devise cannot subsist under an absolute power of disposition in the first taker." 4 Kent Com. 270. Here was an absolute power of disposition in the wife.

The cases cited for the defendant differ materially from the one before us. In *Stevens* v. *Winship*, 1 Pick. 318, the devise was to the wife for life with power to sell in case of need. In *Field* v. *Hitchcock*, 17 Pick. 182, a bequest of money to one for life and then over was held a gift of the interest and not of the principal. Here the bequest was absolute and not contingent upon its being needed by the wife for her support.

According to the true construction of the will of John Ham, it is declared :

That the residue of his estate after the payment of his just debts and legacies vested absolutely in Harriet Ham, his wife.

And it is ordered and decreed that the reasonable costs and charges of these proceedings be a charge upon the estate of said John Ham.

DICKERSON, DANFORTH, PETERS and LIBBEY, JJ., concurred.