BROWN *et. al.* v. EDMONDS *et al.*

1. Where the statute invests the judge, as distinguished from the court, with the power to make a certain order, and it is evident that the judge made and intended to make it as his, and not the court's order,

this court will treat such order as made by the judge, and not by the court.

2. Such an order is not appealable to this court.

3. An appeal from a subsequent order of the court refusing to set aside such judge's order, and also from such first or judge's order in one notice, will not be dismissed for duplicity.

4. The order made by the court being appealable, including in the notice the order of the judge, which was not appealable, will not defeat the appeal from the order that was appealable.

5. If, in the examination of a debtor in supplementary proceedings, the title to certain personal property sought to be reached is claimed by another than the debtor, and the title to the same is fairly in dispute, the question of ownership cannot be summarily settled by the judge in such proceeding.

6. A watch and chain habitually carried upon the person of the debtor, for his own convenience, and not used by the household, nor for the benefit or comfort of the family, is not exempt as "household furniture."

7. The effect of the omission of defendant to include such watch and chain in his schedule, and claim for additional exemptions, under sections 5128–5130, Comp. Laws, was, in general, as declared by said section 5130, to render the same "not exempt."

8. It appearing that such ommission resulted from defendant's misunderstanding of what would be included in the term "household furniture," the mistake was one of law, and on that account, if for no other, did not authorize a correction of the schedule.

9. The examination closely following the making of the schedule, and it not appearing that any change had taken place in defendant's property since making the same, it was, in such proceeding, conclusive upon him.

(Syllabus by the court.   Opinion filed July 17, 1894.)

Appeal from circuit court, Lawrence county.   Hon. A. J. PLOWMAN, Judge.

Action by Louis Brown and others against J. Frank Edmonds and others.   Judgment for plaintiffs.   From an order requiring defendant Edmonds, after examination, to deliver certain property to the sheriff, he appeals.   Respondents moved to dismiss the appeal, which motion is in this opinion denied.   The court then decides the case upon the merits and modifies the judgment.

The facts are stated in the opinion.

*Edwin Van Cise,* for appellant.

An execution should be issued and returned unsatisfied by the officer after diligent search and inquiry before the judge has jurisdiction to act in proceedings supplementary to execution. Freeman Exec. § 399; In re Henry v. Remington, 7 Wis. 643; Wegman v. Childs, 44 Barb. 403; Baly v. Bennighof, 32 N. E. 595; Riddle & Bul. Sup. Proc. 73; Marks v. Spaulding, 35 Hun. 478; State Bank v. Oliver, 1 Disney, 159. Rights of third parties claiming property cannot be settled in these proceedings. Gibson v. Hagerty, 37 N. Y. 555; Barnard v. Kibbe, 54 N. Y. 516; Rodman v. Henry, 17 N. Y. 482; Course v. Whipple, 34 How. Pr. 333. They should be tried in an action by the receiver duly appointed. Teller v. Randolf, 26 How. 155; Sherwood v. Railroad, 12 How. 136; Gasper v. Bennett, Id. 307; Pesse v. King, 9 How. 97; Genet v. Foster, 18 How. 50; Clapp v. Lathrop, 23 How. 425; West Side Bank v. Pugsley, 47 N. Y. 368; Reed v. Parker, 42 Mich. 272; Hagerman v. Tong Lee, 12 Nev. 331.

*McLaughlin & McLaughlin,* for respondents.

All property of a judgment debtor not included in his schedule of exemptions is subject to levy on execution. Longly v. Daiy, 1 S. D. 257; Paddock v. Balgord, 48 N. W. 286.

A watch and chain are not such wearing apparel as are exempt under our statute. Thompson on Homestead & Ex. § 786; Freeman Exec. § 232; Franer v. Barnam, 19 N. J. 316; Toure v. Pratt, 33 N. E. 345; Smith v. Rogers, 16 Ges. 479; Depocit v. Wickham, 44 How. Pr. 421; Rothchilds v. Boelter, 18 Minn. 361; Savage v. Heiss, 28 Vt. 249.

On motion to dismiss appeal.

KELLAM J. On the 18th day of November, 1893, the circuit judge of the eighth circuit, upon an affidavit apparently sufficient, made an order requiring appellant, as an execution defendant, to appear before him to answer on oath concerning

his property.   Upon and after such examination, to wit: January 27, 1894, an order was made requiring the appellant to deliver to the sheriff of the county certain property therein particularly mentioned.   The appellant upon notice to respondents, made application to the court to vacate and set aside this order.   This application was on the 23d day of February, 1894, refused; and from the two orders, and in one notice, appellant appeals to this court.   Respondents moved to dismiss the appeal on the ground of duplicity.   The motion must be denied.   The order of January 27th appears on its face to have been made by the judge in pursuance of the authority conferred by the statute.   Comp. Laws, § 5176.   While some of its expressions are consistent with its being an order of the court, it is, in form, the act of the judge.   It was evidently so regarded both by the judge and by the parties.   As an order of the judge, appellant, by motion, brought it before the court for review; and the order of the court refusing to vacate it refers to it as an order "made by the judge of this court."   The judge himself, as distinguished from the court, had power to make the order.   The statute expressly gives it to him.   He evidently intended and attempted to exercise it.   This court cannot deprive him of the power, or defeat its exercise, by saying, that it must be held to be the order of the court, and not of the judge.   To do so would be an attempt by the court to repeal the statute conferring the power upon the judge.   In a doubtful case, we will presume the order was intended to be the act of the court; but however desirable it may be, in order to avoid delay and indirection, that all orders that may be made by the court be so made instead of by the judge, yet where the power is expressly given to the judge, and he has plainly undertaken to exercise it, we cannot arbitrarily say that he has not done so.   Black Hills Flume & Min. Co. v. Grand Island & W. C. R. Co. (S. D.) 51 N. W. 342.   The first order, being made by the judge, was not appealable to this court, but must have been first reviewed by the circuit court, from whose decision, only

an appeal could come to this court. This was the course pursued by appellant. The second order, only (the one made by the court,) being appealable, including in the notice the first order (being that of the judge, and non-appealable) could not defeat the appeal from the order that was appealable.

### ON MERITS.

Upon the hearing before the judge, it appeared that after issue of the execution the defendant therein (the appellant here,) for the purpose of claiming the exemptions allowed by statute, made a schedule of his personal property. This schedule included "household furniture," the items of which are not enumerated. It did not expressly name a "watch and chain," or "a diamond ring." Upon his examination the defendant testified that he was the owner of a gold watch and chain, costing, three years before, $120; that he claimed them as exempt, but did not expressly name them in the schedule because he was informed by his attorney, under whose advice the schedule was made, that it would be included in and covered by the general expression, "household furniture," and that he intended and understood that the same was so included, and so represented in his schedule, and then and there gave notice to the judge and the parties plaintiff that he claimed the same as exempt. He also testified that he sometimes wore a diamond ring, but that he did not own it; that he bought it from his personal earnings, and presented it to his wife two or three years before, but since he became indebted to plaintiffs, and that she was still the owner of it; that he occasionally put it on and wore it. Upon this evidence the judge made an order requiring the defendant, within five days, to deliver the watch and chain to the sheriff, and to so deliver the ring, if in his possession or under his control. From the refusal of the court to vacate this order, the defendant appeals.

As to the ring, the order was certainly erroneous. The ownership of it may have been in doubt. The wife may have legally owned it. At all events, she evidently claimed it, and

the claim seems to have some foundation. It may have been bought with defendant's exempt earnings, and the transaction unassailable by creditors. In case of doubt the statute does not contemplate that the question of ownership shall be thus summarily settled by the judge. To the suggestion of respond-ents that such order would not effect Mrs. Edmonds' right to recover the ring if she owned it, by a proper legal proceeding, we reply, in the words of Chief Justice Johnson in Rodman v. Henry, 17 N. Y. 484, that the various provisions of the statute authorizing and regulating supplementary proceedings ''pre-clude the idea that a third person, who claims the property as his own, is to be placed, in virtue of these proceedings, in a position where his rights can only be asserted in a suit where he is plaintiff. The obvious purpose of the series of provis-ions is to give the creditor an immediate and summary remedy against the debtor's property, but not to permit the rights of third persons to be brought into litigation, except in a regular way, by suit." See, also, Barnard v. Kobbe, 54 N. Y. 521; Hagerman v. Tong Lee, 12 Nev. 331; Stoeckle v. Ehlers, 37 Mich. 263; and Rid. Supp. Proc. 323, 324, where a large num-ber of cases supporting this rule are collated.

In regard to the watch and chain, we think the judge correctly held that they were not included in the term ''house-hold furniture." We have little doubt that a watch might be so used in the family, as a substitute for a clock, as to entitle it to be exempt, as household furniture, under the same cir-cumstances, to the same extent, and for the same reason that a clock would be; but *prima facie*, or upon the facts disclosed here as to its use, it would not be. A watch and chain habit-ually carried upon the person of the debtor, for his own con-venience, can hardly be said to be included in the term ''household furniture." It is not used in or by the household, or for the benefit or comfort of the family. Rothschild v. Boelter, 18 Minn. 361, (Gil. 331.) If the evidence before the

judge had left a doubtful question of fact,—as to whether the watch, from its use and character, ought or ought not to be considered as houshold furniture, proper and necessary for the comfort and convenience of the family,—the judge ought not to have determined such question of fact, but it did not. We think he rightly held, upon the evidence, that the watch and chain were not exempt as "household furniture."

The effect of the ommission of the watch and chain from the schedule is declared by section 5130, Comp. Laws: "Any property owned by the debtor and not included in said schedule shall not be exempt as aforesaid." It affirmatively appears that the omitted watch and chain were owned by the debtor when he made the schedule, but were omitted not through any accident or mistake of fact, but through a misunderstanding of the legal effect of the term "household furniture." It was in the nature of a mistake of law. We do not think the judge erred in refusing to allow him to amend his schedule, or make a new claim for further additional exemptions. Possibly, there might be cases, when so long a time and so many changes had intervened between the making of the schedule and the institution of supplementary proceedings, that a debtor should not be concluded by his schedule; but there could be no such claim here, as the order and examination closely followed the making of the schedule and the return of the execution.

So much of the order appealed from as refuses to vacate the order of the judge requiring the defendant to deliver to the sheriff the diamond ring therein described is reversed, and that part of the judge's order is vacated. So much of the order as refuses to vacate the order requiring defendant to deliver to the sheriff the gold watch and chain is affirmed. Aside from the clerk's cost in this court, which will be taxed against respondents, no costs will be taxed in favor of either party. All the judges concur.