## RE WILL OF HENRY C. KIMBALL.

PROVIDENCE—JULY 13, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A bequest to K., with gift over to other children in case of his death, but to his wife if he die during coverture, contemplates such death as occurring subsequent to that of the testator, and the vesting in K. of his share of the estate. Hence, upon the death of K. during the life-time of the testator, the legacy to him lapsed, and his wife took no interest in the property bequeathed by the will.

An absolute power of disposition in the first taker renders subsequent limitations repugnant and void.

A lapsed legacy, when it is a share of the residue of the estate, passes to the testator's widow and next of kin as intestate estate.

PETITION IN EQUITY for the opinion of the court as to the construction of a will.

MATTESON, C. J.    This is a case stated for the opinion of the court.    The questions involved arise on the will of Henry C. Kimball, late of Providence, deceased, which bears date June 8, 1876.

The third clause of the will gives to the testator's son, Frank Freeman Kimball, the testator's watch, chain, clothing, certain jewelry, a silver salver, and three-fourths of a safe and cabinet.    Frank Freeman Kimball died before the testator, so that this legacy lapsed, and the question is made whether the articles specified fall into the residue under paragraph five of the third clause, or into the residue under the fourth clause.    Paragraph five of the third clause purports to dispose only of the rest and residue of the testator's household goods and effects, including books, pictures, furniture, and the like.    Household goods and effects, even as thus defined, cannot be held to include a watch, chain, clothing, and jewelry, and our opinion, therefore, is that these articles must be regarded as falling into the residue under the fourth clause, which embraces the residue of the testator's property generally, and that the silver salver and the share of the safe and cabinet must be regarded as falling into the residue under paragraph five of the third clause as household effects.

The fourth and fifth clauses of the will, so far as material, are as follows:

"Fourth.    I direct that the rest, residue, and remainder of my estate of every description, real and personal, including the policy of insurance for the sum of ten thousand dollars which I hold in the New England Mutual Life Insurance Company, be divided into seven (7) equal parts, whereof I devise and bequeath to my son Frank F. two (2) seventh parts, to my daughters Gertrude S. and Edith each two (2) seventh parts, and to my daughter Ruth Owen one (1) seventh part, to hold to them, their heirs, executors, administrators, and assigns forever, subject, however, to the following qualifications and conditions, namely:

I direct that the sum by me expended in the education of my said son Frank be treated as an advancement, and in consideration thereof that his aforesaid portion of two-seventh

parts be reduced by the sum of one thousand dollars, and that the aforesaid portions of my said daughters Gertrude and Edith be increased each in the sum of five hundred dollars. And further my will is that my daughters, the said Gertrude, Edith, and Ruth, shall not during their minority receive any part of the principal, but only the income of their respective shares as bequeathed and devised by clause fourth of this will, unless their guardians and the executors hereof shall deem such income insufficient for their education and support, or insufficient by reason of some extraordinary necessity to their welfare pertaining, in which event I desire that so much, and so much only, be taken from the principal of their respective portions as aforesaid as may be necessary properly to meet the emergency arising in each individual case, to the end that my said daughters be in receipt and enjoyment, as nearly as may be, of the entire principal of their respective portions upon the attainment of their majority.

Fifth. . . . . . . . . . . . . . . . . . .
In case any one of my said children should die without issue living, whether of age or not, I desire and direct that the portion of such deceased child, as created by this will, less so much thereof as may be expended at the time of the decease, be divided equally among my then surviving children and the issue, if any then living, of any deceased child of mine: provided the portion of any such deceased child shall not have been otherwise disposed of by the will of the deceased duly made after becoming of age.

In case all my said children should die under age and without issue living, or being of age should die intestate, my will is that all the estate and property which they by any possibility would if living take and hold under this will, be divided equally among my wife, my brothers and sisters, and the issue, if any, of any deceased brother or sister of mine, to have and to hold the same to them, their heirs, executors, administrators, and assigns forever.

In case any of my children be married at the time of his or her death, I direct that the husband or wife, as the case may be, of such child so dying during coverture, be treated to all

intents and purposes as one of my children in the division of any deceased child's portion, as herein above provided for, always intending, however, that upon the decease of any of my said children the whole portion, as created by this will, of any such deceased child, shall go as an inheritance to the issue respectively, if any living, of such deceased child of mine; and further intending always that, upon the death of any such issue, any child's portion subject to division under the provisions of this will shall be divided precisely as if there had been no such issue.   But my intention as above expressed is in no event to be construed as debarring my children from the right of disposing of their aforesaid respective portions by will made after their becoming of age."

The residuary estate consists wholly of personalty.

The questions which are submitted for decision are:

1.   To what estate, and in what proportions, are Gertrude S. Kimball, Edith Kimball, and Ruth O. Kimball entitled in the property mentioned in clauses four and five of the will?

2.   What, if any, interest does Maud M. Kimball, widow of Frank F. Kimball, take under the will in the property bequeathed thereby?

3.   What, if any, interest do Sarah D. Kimball, widow of the testator, Daniel W. Kimball, Jerome B. Kimball, and Anna F. Newhall, the brothers and sister of the testator living at his decease, take in the property mentioned in clauses four and five of the will?

It will be seen, by reference to the fourth clause, that the gifts of shares of the residuary estate to the daughters are in effect absolute; for, though made subject to certain qualifications and conditions contained in that clause, which applied during the minority of the daughters, those qualifications and conditions are no longer important, since the daughters have attained full age.   The first question, therefore, is what effect, if any, had the subsequent gifts over, contained in the second and third paragraphs of the fifth clause, on the contingencies expressed therein, on the absolute gifts to the daughters in the fourth clause.   Did these gifts over cut down the gifts

to the daughters to life estates, or are they to be regarded as void and of no effect? We think that they are to be regarded as void and of no effect. It is evident that the testator intended that his daughters, on attaining full age, should have power to spend and dispose of their shares, for, after providing that they shall receive only the income during their minority, unless their guardians and the executors of the will shall deem the income insufficient for their education and support, or insufficient by reason of some extraordinary necessity to their welfare pertaining, he expresses his desire that only so much be taken from the property as may be necessary to meet the emergency, to the end that his daughters may be in the receipt and enjoyment, as nearly as may be, of their respective portions on the attainment of their majority. Moreover, the gifts over are of the portions of the deceased children less so much thereof as may have been expended at the time of the decease, and is subject to the proviso that it shall not have been disposed of by will of the deceased. An absolute power of disposition in the first taker is held to render subsequent limitations repugnant and void. *Gifford* v. *Choate*, 100 Mass. 343; *Hale* v. *Marsh*, 100 Mass. 468; *Jones* v. *Bacon*, 68 Me. 34; *Stowell* v. *Hastings*, 59 Vt. 494; *Jackson* v. *Bull*, 10 John. 19; *McDonald* v. *Waldgrove*, 1 Sandf. Ch. 274; *Rona* v. *Meier*, 47 Ia. 607; *Flinn* v. *Davis*, 18 Ala. 132.

We think that Maud M. Kimball took no interest in the property bequeathed by the will. The case shows that her husband, Frank F. Kimball, died during the life-time of the testator, and consequently the legacy to him lapsed. The gifts over to the other children in case of the death of a child, and to the husband or wife of a child dying during coverture, contemplate the death of such child as occurring subsequently to that of the testator, and the vesting in such child of his or her share of the estate. It is the deceased child's portion as created by the will, less so much as the child may have expended or otherwise disposed of by will made after becoming of age, which is the subject of the gift. These provisions, therefore, can have no application in case of the death

of the legatee prior to the death of the testator and the taking effect of the will.

Inasmuch as the legacy to Frank F. Kimball, which has lapsed, was of a share of the residue of the estate, it passed to the testator's widow and next of kin as intestate estate. *Church* v. *Church*, 15 R. I. 138.

It follows, from the foregoing views:

1.  That Gertrude S. Kimball and Edith Kimball each took an absolute estate in the two-seventh shares of the residuary estate, and that Ruth O. Kimball took an absolute estate in the one-seventh share of the residuary estate, given by the fourth clause of the will.

2.  That the share of the residue of the estate which Frank F. Kimball, under the fourth clause of the will, would have taken if he had survived the testator, is to be distributed as intestate estate as follows: One-third to the testator's widow, Sarah D. Kimball, and the remaining two-thirds in equal shares to Gertrude S. Kimball, Edith Kimball, and Ruth O. Kimball.

3.  That Maud M. Kimball, Daniel W. Kimball, Jerome B. Kimball, and Anna F. Newhall took no interest in the property.

*Stephen O. Edwards, Walter F. Angell, Seeber Edwards, Albert Gerald,* and *Frank L. Hinckley,* for the parties in interest.