(33 Misc. Rep. 177.)

### LUDWIG v. BUNGART.

(Supreme Court, Special Term, Kings County. November, 1900.)

WILLS—CONSTRUCTION—DEVISE OF HOUSE FURNITURE AND CONTENTS—MONEY IN SAFE NOT INCLUDED.

> Where testator lived in the upper story of a house, and used the lower story for a cigar store, a devise to L. of all of testator's "household furniture and store, with contents of house," did not entitle L. to $850 and jewelry, which were in a safe in the store at the time of testator's death, since the general phrase, "contents of house," following the specific one of "household furniture," must be confined to matters ejusdem generis.

Action by Margaret Ludwig against Peter J. Bungart, individually and as executor, for the construction of the will of Christiana Bungart, deceased.

Action for the construction of the following clause of the will of Christiana Bungart, deceased, viz.:

"I give and bequeath to my beloved friend Margaret Ludwig * * * all my household furniture and store with contents of house known as No. 29 Hamilton avenue."

The testator owned the said house and lived in it, and kept a retail cigar store on the ground floor. In the store at her death was a safe in which were $850 in money, two watches of her deceased husband and son, and a few other articles of jewelry of small value. The executor has delivered to the plaintiff the entire contents of the house, and the personal apparel of the deceased, and the stock in trade of the store, and everything except the said money and jewelry, and the store fixtures. The plaintiff asks for a construction of the said clause of the will that she is entitled to these also.

James P. Judge, for plaintiff.
James Troy, for defendant.

GAYNOR, J. The giving of the relief which the plaintiff prays for is all within the jurisdiction of the surrogate on the accounting of the executor and the distribution of the estate, or in a proceeding for the collection of his legacy instituted by the plaintiff, as was pointed out when this case was first tried. 26 Misc. Rep. 247, 56 N. Y. Supp. 51. The surrogate would have to decide the very question here presented. The action is nothing but one for an accounting in part as to the personalty left by the testator. No special reason whatever exists for invoking the jurisdiction and aid of equity. In Chipman v. Montgomery, 63 N. Y. 221, which was also an action for the construction of a will, it was decided that although this court as a court of equity has jurisdiction to entertain a suit for an accounting by or against an executor, it should not do so unless for some special reason. It is there said:

"The laws give full powers to the surrogate's court to call executors and administrators to an account, and to distribute the estate among the next of kin, and to pass upon every question that may arise, whether directly or indi-

rectly, in the progress of the accounting and final distribution. That is the appropriate tribunal, conceding that, to a limited extent, concurrent jurisdiction exists in a court of equity. The jurisdiction of courts of equity, in respect to accounts in the course of administration and the marshaling of assets, grew out of the defects in the process and powers of ecclesiastical courts, and the early courts of probate. The jurisdiction over cases of administration was made to rest upon the notion of a constructive trust in executors and administrators, as well as the necessity of taking accounts and compelling a discovery. 1 Story, Eq. Jur. § 534. But these considerations do not apply in ordinary cases to the settlement of estates in this state, and to withdraw a case of mere settlement of an estate disconnected with the enforcement of a special and express trust, as distinguished from what is called a 'constructive trust' in all administrations, from the tribunal created for that purpose with ample powers, special reasons should be assigned, and facts stated to show that full and complete justice cannot be done in that court. Upon a final accounting, and that is what the plaintiffs are entitled to if they have any rights as next of kin, creditors as well as next of kin and legatees are entitled to be heard, and they may much more easily be cited before a surrogate than made parties to a formal suit in equity. * * * But there is no action permissible now for a discovery, and the plaintiffs do not make a case for, or ask an injunction. It is not optional with executors and administrators accounting on their own motion, or creditors, legatees or next of kin, calling them to an accounting, to pass by the surrogate's court, having ample jurisdiction in the premises, and, without assigning any special reason, proceed by formal action in a court of equity, making all persons whose presence is necessary to a final accounting parties to the action."

The same rule has since been stated in other cases. Wager v. Wager, 89 N. Y. 161; Strong v. Harris, 84 Hun, 314, 32 N. Y. Supp. 349. But on appeal from the former judgment herein, the decision refusing to entertain this action on the grounds above stated was reversed, and it was held that unless a proceeding for an accounting, or in which the relief sought could be granted, is already pending before the surrogate at the time the suit is brought in this court, such suit must be entertained. Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91. This is a plain decision that this court has no discretion or option whatever in the premises, but that on the contrary it may dismiss the suit only on the well-known plea in bar of the pendency of a prior proceeding or action involving the same subject-matter. Of course no one ever questioned that a plea of a prior action or proceeding pending would be good. The question was beyond that, viz. whether a court of equity had not the discretion or right to refuse to entertain such a suit unless the case presented special reasons making the interposition of equity necessary. This decision supersedes all former decisions on the subject, and I cannot therefore enter upon a consideration of the question again.

It is also true that it was held in Sutherland v. Ronald, 11 Hun, 238, and in Hovey v. Purdy, 10 N. Y. St. Rep. 40, that a legatee could not maintain a suit in equity for the sole purpose of obtaining a construction of the will, but must bring an action to recover his legacy; but as this question was necessarily involved in the said appeal herein, it must be understood that these decisions were overruled by the learned appellate division.

Coming therefore to a construction of the will, it appears to be quite frivolous to claim that the words of the testator giving to the plaintiff "all my household furniture and store with contents of

house," could include the money the testator might happen to have by her in the house at the time of her death, or the jewelry and two watches, relics of her dead husband and son; and unreasonable to keep the surrogate from a proceeding to distribute the estate pending the trial of such a question in this court, when he could determine it himself. The unnecessary cost to the estate is also regrettable. Money is not classed as part of the "furniture" and "contents" of a house. Neither are watches and jewelry for personal wear. The learned counsel cites me no authority whatever for his contention, but I think the law is well understood on the subject. The rule in brief is that in the construction of wills when certain things are mentioned or enumerated in a bequest, followed in the same clause by a more general description, that description is taken to cover only things of a like kind with those mentioned or enumerated; and this is so because it is presumed the testator had only things of that class in mind. Jarm. Wills, p. 709, note; Dole v. Johnson, 3 Allen, 364; Bills v. Putnam, 64 N. H. 554, 15 Atl. 138. The general phrase "contents of house," following the specific one of "household furniture," must therefore be confined to matters ejusdem generis. But the case is not one calling for any nicety of learning, even if we consider the money and the watches and jewelry as having been in the house or dwelling of the deceased. But they were not. They were in the store, and not with the household furniture and contents of the house at all. As for the store fixtures, it is not disputed that they are affixed to the building and a part of the realty. The case presents no question as to the meaning of the word "store." The parties interpreted it, not restricting it to household store, but as embracing the stock in trade in the cigar store also.

Judgment accordingly.