WILLIAM H. RICHMOND *vs.* R. I. HOSPITAL TRUST CO.

JUNE 27, 1924.

PRESENT: Vincent, Stearns, Rathbun, and Sweeney, JJ.

STEARNS, J. Bill in equity to compel the respondent, executor of the will of John M. Richmond, to deliver to complainant two automobiles, which the latter claims he is entitled to receive under the provisions of the third clause of the will, which is as follows: "Third. I give and bequeath to my brother William H. Richmond, all my wearing apparel, my watch and chain, and all articles of personal use or ornament, all consumable stores which I may have at the

time of my decease, all my furniture, books and pictures, plate, linen, and all other articles of domestic and household use or ornament."

By the residuary clause testator bequeathed and devised the residue of his property to respondent in trust. Respondent claims that the automobiles pass under the residuary clause.

The testator and his brother, the complainant, who were both bachelors, lived together in the house in which they were born. Testator employed a chauffeur and at the time of his death owned two automobiles, one, a cabriolet, 1916 model, the other a limousine, 1914 model. The testator died in 1922. His will was executed in 1920.

In its answer respondent admits that it was not necessary to sell the automobiles to pay the debts of the estate but alleges they were depreciating in value and were causing great expense for storage and they were sold by respondent in accordance with its duty in the circumstances. Complainant does not press any objection to such sale and is content to receive the proceeds thereof, if it is decided that he was entitled to receive the automobiles.

The cause has been certified from the Superior Court to this court.

Complainant claims that it was the testator's intention that he should have all of the personal estate which was not income producing, that is all corporeal chattels as distinguished from choses in action. It is admitted that personal property such as money on hand, shares of stock, promissory notes, bank deposits and securities do not pass under such an enumeration of personal property as made in the third clause, where, as in the present case, there is a residuary clause; but it is claimed that the automobiles, used for the personal use and pleasure of testator, are articles of tangible personal property used in household, domestic and personal relations.

The question is, what was the intention of testator? This is to be gathered from the entire will and not from the con-

sideration of the particular clause only, which is in dispute. By the first clause the executor was directed to pay all debts, and all inheritance, succession and transfer taxes, national or state, whether assessed on the entire estate or on any special bequest or devise. By the second, there is a gift to a hospital for the maintenance of a permanent free bed. By the fourth clause the residue is given to respondent in trust to manage the trust estate, to collect the rents and income with direction to keep the real estate in good repair and to pay all taxes, assessments and the expenses of the management of the trust estate; from the balance of the net income to pay to complainant $2,000 a year during his life and to a nephew Charles and to a grandnephew Irving each an annuity of $1,200 for life. The balance of the net income is to be invested and become a part of the principal of the trust estate. The trustee is directed to allow a cousin of testator and his wife to have the use of five acres of land until both have deceased. Upon the death of the last survivor of the five individual beneficiaries the trust estate, including accumulations, is given in trust for certain charitable purposes. As thus appears the intention of the testator was definite and specific, both as to the objects and extent of his bounty and this fact is to be kept in mind in the consideration of the meaning of the language of the third clause. In this clause the testator has divided the personal property which he intended to give to his brother into at least three classes. The first class described as "all my wearing apparel, my watch and chain and all articles of personal use and ornament;" the second, "all consumable stores;" the third, "furniture, books and pictures, plate, linen and all other articles of domestic and household use and ornament." This division into classes indicates that the construction of the general terms of each class should be narrow rather than broad. In the absence of a residuary clause the broad construction urged by complainant would be more reasonable, as in such case that construction is preferred which avoids a partial intestacy. The rule of presumption, generally referred to as the rule of *ejusdem*

*generis*, that in the construction of a will where certain things are enumerated and such enumeration is followed or coupled with a more general description it is presumed that the testator had only things of that class in mind, is applicable. 28 R. C. L. p. 224 ¶ 186; *Tefft* v. *Tillinghast, Admr.*, 7 R. I. 434.

A case similar to the instant case is *In re Parry's Estate*, 188 Penn. 33. The testator, in addition to other bequests to his widow, by a separate clause of his will gave to her "all his clothing, household and kitchen furniture, linen, china, plate, plated ware, jewelry, pictures, engravings, books, bric-a-brac, and articles of personal use and ornament." It was held that under this clause a sailing yacht owned by testator did not pass to the widow as the words used evidently meant to embrace only articles of personal use and ornament in the house like unto those enumerated.

We think the general expressions in the third clause were intended to have a restricted meaning as otherwise the enumeration made therein was superfluous. If the testator intended to give the automobiles to his brother the reasonable inference is, that he would have referred to them specifically. Our conclusion is that they passed to respondent, under the residuary clause.

The cause is remanded to the Superior Court with direction to enter a final decree dismissing the bill of complaint without costs.

*James E. Smith, James M. Gillrain*, for complainant.
*Comstock & Canning, Andrew P. Quinn*, for respondent.