In the Matter of the Application of VERA B. JONES for a Determination as to the Validity, Construction or Effect of the Disposition of Certain Property by the Second Paragraph in the Last Will and Testament of LEBARON W. JONES, Deceased.

Surrogate's Court, Westchester County, November 8, 1926.

Wills — construction — devise of homestead property "together with all household goods and furniture, personal effects and contents therein" to wife absolutely — medicines, drugs and medical appliances not classed as household goods, furniture, personal effects or contents — automobiles pass as "personal effects."

A will by which the testator gave his homestead property "together with all household goods and furniture, personal effects and contents therein, of every name and nature," to his wife absolutely, is construed as passing the personalty used by the testator, a doctor, such as medicines, drugs and medical appliances, under the residuary clause of the will, notwithstanding the fact that said articles were contained in three rooms of the testator's homestead property, which were

---

* Since respectively amd. by Laws of 1926, chaps. 622, 623,— [REP.

used by him for professional offices, for they are not household goods, furniture or personal effects, nor " contents." Two automobiles, one used professionally, pass to the widow as " personal effects."

PROCEEDING for construction of will.

*Wilson R. Yard*, for the widow, petitioner.

*Campbell & Boland*, for Russell K. Jones, a residuary legatee.

SLATER, S. LeBaron W. Jones, a physician and resident of Pleasantville, died leaving a will and testament duly admitted to probate. A construction is asked of the 2d paragraph, which is as follows:

" *Second.* I give, devise and bequeath my homestead property known as No. 375 Bedford Road, in the Village of Pleasantville, Westchester County, New York, in which I now reside, together with all household goods and furniture, personal effects and contents therein, of every name and nature, of which I die seized and possessed, to my beloved wife, Vera B. Jones, absolutely and forever."

The 3d paragraph gives the residue of his estate to two sons of a former wife, and a daughter of the petitioner, his widow, share and share alike.

The paragraph gives the " homestead property," together with all " household goods," " furniture," " personal effects " and " contents " to his wife.

Three rooms of the testator's homestead property were used by him for professional offices; reception room, consulting room and storeroom, wherein he kept medicines and drugs and medical appliances. His offices contained some furniture, which, it is conceded, should be classed as household furniture.

The question to be decided is whether the medical instruments, operating table, scales, measuring appliances and drugs pass under the 2d paragraph of the will. These articles are certainly not household goods, nor furniture, nor personal effects. Do they come within the word " contents " therein of every name and nature? Applying the rule of construction deducible from the authorities, I must construe that they do not fall within the word " contents," found in the 2d paragraph. Certain things are enumerated in the bequest; household goods, furniture and personal effects. When certain things are enumerated in a bequest, followed in the same clause by a more general description, that description is taken to cover only things of a like kind with those mentioned. The general phrase " contents," following the specific one of " household goods " and " furniture," and " personal effects," must, therefore, be confined to matters *ejusdem generis*.

The presence of a residuary clause has its force in arriving at this construction, and, too, the words of gift used by the draftsman

of the will and accepted by the testator, of " my homestead property," and indicates that the testator had in mind to give his home, the home property, with its household goods and furniture and personal effects, to the widow. The word " contents," so far as things strictly belonging to the home is concerned, would add nothing to the gift of household goods, furniture and personal effects.

The will must be construed as passing the personalty used by the doctor, such as medicines and drugs, cabinet containing the medical instruments, operating table, scales and measuring appliance, under the residuary clause of the will. (*Ludwig* v. *Bungart,* 33 Misc. 177, 180; *Matter of Reynolds,* 124 N. Y. 388, 398; *Fenton* v. *Fenton,* 35 Misc. 479, 485; *Matter of Delaney,* 133 App. Div. 409; affd., 196 N. Y. 530; *Central Union Trust Co. of New York* v. *Flint,* 198 App. Div. 703.)

The two automobiles will pass under the 2d paragraph of the will and pursuant to the phrase " personal effects," even though one automobile had been employed by the doctor very largely in making calls upon patients.

Submit decree according to this memorandum.