## In Re PATTERSON'S ESTATE

NELSON, Appellant, v. THOMPSON, et al, Respondents

(10 N. W.2d 754.)

(File No. 8602. Opinion filed August 10, 1943.)

Rehearing Denied September 21, 1943.

**Philip & Leedom,** of Rapid City, for Appellant.
**John T. Milek,** of Sturgis, for Respondents.

WARREN, J.   Mary Patterson died testate at Spearfish, South Dakota, in June 1941.   She was possessed of a city home, household goods, furnishings, diamonds, fur coat, clothing, and a Packard automobile; and, also, personal property consisting of monies and credits, amounting to approximately $20,000.   In the course of the probate of her estate, the county court entered a partial decree of distribution.   After entry of the order, an appeal was taken to the circuit court and a judgment was entered, modifying and reversing the order of the county court, which had the effect of denying Hilma Nelson the personal property involved in this appeal.   Hilma Nelson is here on appeal from the judgment of the circuit court.   It would seem that the facts are not in dispute.   The matter presented to us for decision on this appeal is whether the car, the jewelry, the fur coat and clothing passed to Hilma Nelson under certain provisions of testatrix's will which read:

"I give, devise and bequeath unto my sister Hilma Nelson of Spearfish, South Dakota, my home, said home

being described as lots 7 and 8 in Block 32 of said city and all the household furnishings and articles therein.

"All the rest, residue and remainder of my property, whether real, personal or mixed or wherever situated of which I die seized or possessed, I give, devise and bequeath unto my brothers and sisters (naming them) share and share alike." * * *

It will be observed that testatrix gives her home to Hilma Nelson and describes the home as consisting of certain lots in the city of Spearfish, South Dakota. This devise is coupled with a bequest which reads: "and all of the household furnishings and articles therein." We are called upon to determine the meaning and the intendment of the testatrix from the language employed above. There seems to be a dearth of authority as to the meaning of "household furnishings." Webster's New International Dictionary, Second Edition, defines "housefurnishings" as "Furnishings for a house; specif., in the trade, small articles of household equipment such as kitchen utensils, lamps, etc." To us it seems that "household furnishings" is even a more expressive term than "housefurnishings" in depicting and describing articles of equipment, decorations and trappings used to make a dwelling house useful and convenient for living, sleeping and dining purposes. "Household furnishings" would seem to mean and include everything about the house that had been usually held and enjoyed therewith for the comfort and accommodation of the householder. In addition to "household furnishings" there is added "and articles therein." It will be observed that "and articles therein" is closely connected to "household furnishing." To us, it seems that the intention to be gathered would be equivalent to giving the term the meaning "household furnishings and household articles."

In drawing upon the authorities that seem to sustain our views that the jewelry, diamonds, fur coat, clothing, and a Packard automobile do not pass, by the language employed as "all of the household furnishings and articles therein," to Hilma Nelson, we cite: Brown et al. v. Edmonds

et al., 5 S. D. 508, 59 N. W. 731; Richmond v. Rhode Island Hospital Trust Co., 46 R. I. 113, 125 A. 228; Succession of Sauvage, 140 La. 619, 73 So. 702, L. R. A. 1917D, 426; Mathis v. Causey et al., 172 Ga. 868, 159 S. E. 240, 75 A. L. R. 111; In re Hemstreet's Will, 101 Misc. 340, 167 N. Y. S. 1016; Foxall v. McKenney et al., 9 Fed. Cas. page 645, No. 5,016, 3 Cranch C. C. 206, In re Kimball's Will, 20 R. I. 619, 40 A. 847; Gallagher et al. v. McKeague et al., 125 Wis. 116, 103 N. W. 233, 110 Am. St. 821; Old Colony Trust Co. et al. v. Hale, 302 Mass. 68, 18 N. E.2d 432, 120 A. L. R. 1207; In re Foster's Estate, 140 Misc. 341, 251 N. Y. S. 797; Ludwig v. Bungart, 33 Misc. 177, 67 N. Y. S. 177; In re Jones' Will, 128 Misc. 244, 218 N. Y. S. 380; Longueville v. Western Assur. Co., 51 Iowa 553, 2 N. W. 394, 33 Am. Rep. 146; Cf. Towns v. Pratt & als., 33 N. H. 345, 66 Am. Dec. 726; In re Steimes' Estate, 150 Misc. 279, 270 N. Y. S. 339; In re DeLaney's Will, 133 App. Div. 409, 117 N.Y.S. 838; In re Lippencott's Estate, 173 Pa. 368, 34 A. 58.

■ It seems to be a well settled rule of law that it is not within the province of the court to say, in examining the terms of a will, what the testatrix intended but what is the meaning to be given to the language that she used. The word "furnishings" standing alone seems to have been sparingly used in cases construing wills. It is, however, used in connection with other words having a more limited or restricted meaning. However, as pointed out in many of the cases, the construction to be put upon the word "furnishings" depends upon the facts of each particular case. A short review of the following cases seems helpful in the determination of the language employed by the testatrix, "all of the household furnishings and articles therein."

In Brown et al. v. Edmonds et al., 5 S. D. 508, 59 N. W. 731, this court in dealing with a matter on execution and the claiming of exemptions, under the statute, of certain personal property held that a watch and chain habitually carried upon the person of debtor for his own convenience and not used by the household or for the benefit or comfort of the family is not exempt as "household furniture."

In re Kimball's Will, 20 R. I. 619, 40 A. 847, the court held that a lapsed legacy of testator's watch chain, clothing, and certain jewelry does not fall within a residuary clause embracing household goods and effects including books, pictures, furniture, and the like.

In Ludwig v. Bungart, supra [33 Misc. 177, 67 N. Y. S. 178], the court said, and we quote: "Coming therefore to a construction of the will, it appears to be quite frivolous to claim that the words of the testator giving to the plaintiff 'all my household furniture and store with contents of house,' could include the money the testator might happen to have by her in the house at the time of her death, or the jewelry and two watches, relics of her dead husband and son; and unreasonable to keep the surrogate from a proceeding to distribute the estate pending the trial of such a question in this court, when he could determine it himself. The unnecessary cost to the estate is also regrettable. Money is not classed as part of the 'furniture' and 'contents' of a house. Neither are watches and jewelry for personal wear."

In Longueville v. The Western Assurance Co., supra [51 Iowa 553, 2 N. W. 395, 33 Am. Rep. 146], the Iowa supreme court held that wearing apparel does not come within the term "household furniture", and we quote: "Counsel for defendant advance the thought that the words 'household furniture' used in the policy are intended to cover the other articles of property, family wearing apparel and provisions; that is, 'family wearing apparel' is included in the general term 'household furniture.' They argue that as the household furniture was covered by the policy only while in the dwelling, its component wearing apparel is subject to the same rule. The fault with this argument is that it does violence to the language and structure of the contract. Wearing apparel cannot be considered as a part of the household furniture. The words are never so understood."

The court in Richmond v. Rhode Island Hospital Trust Co., supra, held that a will bequeathing all wearing apparel

and articles of personal use or ornament, furniture, books, pictures, and all other articles of domestic and household use, did not include an automobile.

In re Succession of Sauvage, 140 La. 619, 73 So. 702, L. R. A. 1917D, 426, the court held that an automobile kept in a garage on the residence lot of the deceased was not included in a bequest of the lot, residence thereon, and "all the contents of said residence."

In Mathis v. Causey et al., 172 Ga. 868, 159 S. E. 240, 75 A. L. R. 111, see annotation p. 113, the testator in a bequest using the term "all my clothing, personal jewelry, library, furniture, works of art, silverware, household goods, and other personal effects, located at, and used or adapted for use in connection with my residence * * * and at my office", did not give the legatee an automobile kept by the testator in a garage on the rear of the lot on which his residence was located and used by the testator, a practicing physician, in going to or from his residence and in making visits to his patients.

In Gallagher et al. v. McKeague et al., 125 Wis. 116, 103 N. W. 233, 110 Am. St. Rep. 821, the court dealt with a clause bequeathing certain property, which reads "all the household furniture and effects." It would seem from a reading of the case that a large portion of the testator's personal property was not included within the specific bequests. The court reached the interpretation that the words "and effects" were limited by their context to "household effects" and did not convey to the legatee thereof the personal property not specifically disposed of.

In an early case, Foxall v. McKenney, 9 Fed. Cas. page 645, 646, No. 5,016, 3 Cranch C. C. 206, the court in dealing with the construction of certain clauses and language of a will said, and we quote: "In the present case, if the coffee, wine, and brandy were bequeathed to Mrs. Foxall, it must be because they are included in the expression 'household effects.' These words do not seem to comprehend more than the words 'household goods;' and they are used by the testator himself as equivalent terms; and in the marriage

articles he has repeatedly used the words 'household furniture' as equivalent to 'household goods.' * * * The indiscriminate use which he makes of the expressions 'household furniture,' 'household goods,' and 'household effects,' seems clearly to prove that he considered them synonymous, and by limiting his wife to the use of the 'household effects' bequeathed, in the same manner, upon the same terms, and for the same time, as the 'household effects' included in the settlement; it is strongly to be inferred that they were to be effects of the same kind."

The language employed is admittedly different than in most adjudicated cases we have examined. We, therefore, endeavor to apply, by analogy, what courts have said in somewhat parallel cases, though not on all fours. Each case must be determined in the light of the particular facts of the case in which the question is raised. Therefore, no hard and fast rule can be applied with precision, but must give way to the comparative reasoning drawn from somewhat similar facts in similar cases.

"The household furnishings and articles therein" bequeathed are only such as were located in testatrix's living house or residence, and used, or adapted for use, in connection therewith. It cannot be said with any clearness of reasoning that the articles and things which are in controversy, namely: jewelry, diamonds, fur coat, clothing, and an automobile, could be a part used in connection with testatrix's house or residence and known as "household furnishings." It, therefore, follows from the foregoing views that we believe the weight of the court decisions favor the views we have heretofore expressed; and, that the testatrix did not intend to give to the sister, Hilma Nelson, the entire contents of the home, but that the testatrix restricted the things and amount that she was to receive by excluding the clothing, jewelry, fur coat, and automobile, by the terms of the will, and directed them to be divided among the heirs named in the residuary clause, share and share alike.

The judgment of the circuit court is affirmed.

All the Judges concur.