77 N.J. Super. 455 (1962)
187 A.2d 8
KAZIMIERA WRIGHT, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF STANISLAWA BIBINSKI, DECEASED, PLAINTIFF-APPELLANT,
v.
JADWIGA DZIENIS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1962.
Decided December 14, 1962.
*456 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Howard G. Kulp, Jr. argued the cause for appellant (Messrs. Brown, Connery, Kulp and Wille, attorneys; Mr. Kulp on the brief).
Mr. Charles A. Cohen argued the cause for respondent (Mr. Samuel L. Supnick, attorney; Mr. Cohen on the brief).
The opinion of the court was delivered by KILKENNY, J.A.D.
This is a will construction case. Stanislawa Bibinski executed her will on September 20, 1949 and died on February 18, 1961. At her death she had $2,470 in cash in an envelope in a bedroom footlocker or trunk at her home at 1235 Lansdowne Avenue, Camden, New Jersey. Plaintiff, niece of the decedent, claimed this money under paragraph FOURTH of the will which provides as follows:
"I give and devise my property 1235 Lansdown Avenue, Camden, New Jersey to my niece, Kazimiera Wright, together with all my household chattels and contents therein, forever, provided that she *457 pays out of her own funds or by mortgaging the property the sum of $500.00 to my niece, Sophia Kolasa and $300.00 to my niece Wanda Puchala."
Defendant, sister of decedent, based her right to the money upon paragraph FIFTH which named her beneficiary of the residuary estate.
When seeking approval of her final accounting as executrix of the estate, plaintiff requested the Camden County Court to determine whether she or the defendant was entitled to this $2,470. No one else is interested therein. The County Court decided in favor of defendant and plaintiff has appealed from the judgment.
The devise of decedent's real estate, her home, to plaintiff niece "together with all my household chattels and contents therein," did not include the cash in decedent's bedroom footlocker. The words employed in the will do not establish an intent on decedent's part to give this cash to the devisee of the home. "Household chattels" would comprehend those articles of personal property customarily used in and about the household and appropriate to the functioning and enjoyment thereof. The expression would include the furniture, furnishings, linens, silverware, flatware, chinaware, glassware, utensils, household supplies, equipment and appliances, and kindred articles.
The term "household chattels" does not in normal contemplation embrace cash in the house, whether simply lying about or contained in a purse, pocketbook, safe, trunk or other receptacle. Thus, in Quick v. Owens, 198 S.C. 29, 15 S.E.2d 837, 137 A.L.R. 201 (Sup. Ct. 1941), it was held that money found in a trunk in the house did not pass under a clause granting "all of the household furniture and fixtures, and other personal property on the premises." So, too, moneys in bank accounts evidenced by bank deposit books, stocks, bonds and other evidences of indebtedness, personal jewelry, articles of personal adornment, and the like, do not pass under a bequest of "household chattels" simply because they happen fortuitously to be in the premises at *458 the time of decedent's death. See In re Jones Estate, 128 Misc. 244, 218 N.Y.S. 380 (Surr. Ct. 1926); In re Kimball's Will, 20 R.I. 619, 40 A. 847 (1898); In re Patterson's Estate, 69 S.D. 374, 10 N.W.2d 754, 149 A.L.R. 965 (1943); Cole v. Cole, 229 N.C. 757, 51 S.E.2d 491, 6 A.L.R.2d 1335 (Sup. Ct. 1949).
As used in this will, the words "contents therein" more naturally connote the contents of the house rather than the contents of individual household chattels as argued by plaintiff. The "contents" of a house can be broader in comprehension than the "household chattels" because conceptually they include all that is contained within the house. Whether the word is so all-embracing in a particular case depends essentially on the intention of the testator. In the instant situation the word "contents" is used in conjunction with "household chattels" and thus indicates a testamentary intent to cover thereby articles of similar import or of the same general class or description, ejusdem generis. Such interpretation also falls within the rule of noscitur a sociis, defined in Black's Law Dictionary (4th ed. 1951) as follows:
"It is known from its associates. 1 Vent. 225. The meaning of a word is or may be known from the accompanying words. 3 Term R. 87; Broom, Max. 588. Morecock v. Hood, 202 N.C. 321, 162 S.E. 730, 731; Louis Pizitz Dry Goods Co. v. Fidelity & Deposit Co. of Maryland, 223 Ala. 385, 136 So. 800, 801.
The doctrine means that general and specific words are associated with and take color from each other, restricting general words to sense analogous to less general. Dunham v. State, 140 Fla. 754, 192 So. 324, 325, 326."
See, too, In re Jones Estate, supra, for an apt illustration of ejusdem generis and noscitur a sociis limiting the mening of "contents."
The conclusion that decedent did not intend her cash on hand, if any, to pass under the expression "household chattels and contents therein" is fortified by the proviso in the same paragraph FOURTH that plaintiff niece must pay "out of her own funds or by mortgaging the property" the sum *459 of $500 to the niece Sophia Kolasa and $300 to the niece Wanda Puchala. If the testamentary disposition in favor of plaintiff niece was intended to include cash in the house, decedent would hardly have directed the devisee to pay these two small bequests, totalling only $800, "out of her own funds" or "by mortgaging the property."
The will in question was drawn by an experienced attorney. It is reasonable to assume that if decedent wanted plaintiff niece to be the beneficiary of cash which might be in her home at the time of her death, deliberately or accidentally, other language more clearly expressive of such intent would probably have been employed. The testamentary intent is determined as of the time of the execution of the will. Watson v. Brower, 24 N.J. 210, 217 (1957).
Accordingly, we conclude that the County Court correctly determined decedent's intent when it held that the cash in issue belongs to defendant as the residuary beneficiary.
The judgment is affirmed.