## SHARPLESS BROTHERS v. HARTFORD F. INS. CO.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
NO. 4 of PHILADELPHIA COUNTY.

Argued January 27, 1891—Decided March 9, 1891.
[To be reported.]

(*a*) The defendant issued a policy of insurance against fire upon a stock
of goods of the assured kept in their store on Jayne street.   On July
24, 1889, in consideration of an additional premium, the defendant
placed on the policy an indorsement acknowledging notice that the goods
were "about being removed" to another building, and stipulating as
follows:

(*b*) "It is understood and agreed that this policy shall cover pro rata in
both places during removal, and thereafter in last named location only."
Part of the goods having been removed, a fire, on November 23, 1889,
destroyed goods in the Jayne street store placed there before July 24th,
and others placed there after that date; how many of each class, the
owners were unable to show:

1. The indorsement gave the assured a privilege of removal, of which
they did not need to avail themselves unless they chose; if they acted
under it, they were not bound to suspend business during the work of
removal, but had the right to continue buying and shipping as usual, and
the indorsement did not limit the policy to articles in the Jayne street
building at its date.

2. It may be that it was the duty of the assured, whenever they began
to remove, to proceed with reasonable diligence until the work was done;
but the reasonable time for completing the removal must be estimated
from the time of beginning, and not from the date at which the indorse-
ment, granting the privilege of removing, was made.

3. In this case, there being nothing to show when the removal began, or
any delay in its prosecution, the court could not determine as matter of
law that the assured had failed to perform their duty, and upon a ver-
dict in their favor in an action on the policy, they were entitled to judg-
ment: Peoples Ass'n v. Smith, 126 Pa. 317, distinguished.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 193 July Term 1890, Sup. Ct.; court below, No. 236
March Term 1890, C. P. No. 4.

On February 18, 1890, Henry W. Sharpless and others, trad-
ing as Sharpless Brothers, brought assumpsit against the Hart-

ford Fire Insurance Company, upon a policy of insurance against fire issued by the defendant company to the plaintiffs.   Issue.

At the trial on May 7, 1890, the following facts were shown :

By a policy dated February 28, 1889, the defendant company insured the plaintiffs to the amount of $10,000, for the term of one year, " on merchandise of every description whatever, chiefly dry goods, their own or held in trust, or on consignment, or sold but not removed from the premises, contained in the three-story brick building occupied as a storehouse and for packing and shipping goods, situate on the north side of Jayne street, west of Eighth street, Philadelphia." Other portions of the policy declared the insurance to be " against all such immediate loss or damage sustained by the assured, as may occur by fire to the property above specified, . . . . . the amount of the loss or damage to be estimated according to the actual cash value of the property at the time of fire, . . . . . and this company shall not be liable . . . . . for loss or damage to property in any other locality than where originally insured, unless consent to removal is indorsed hereon."

On July 24, 1889, the following indorsement was made on the policy : " Notice received that the property insured under this policy is about being removed from the premises herein described to northwest corner Fifth and Minor streets, Philadelphia.  It is understood and agreed that this policy shall cover pro rata in both places during removal, and thereafter in last-named location only.  Rate advanced to ninety cents. Additional premium received, eighteen dollars." This indorsement was signed by the agents of the company.

A fire occurred on the Jayne street premises on November 23, 1889, and the plaintiffs claimed the sum of $987.55 as the portion of their loss covered by the said policy.  It was agreed between counsel that the following facts should be regarded as proved in the case :

" There were in the store on Jayne street described in the policy, at the time of the fire, goods valued at $9,642.82.   There were in the store at Fifth and Minor streets described in the indorsement on the policy, at the time of the fire, goods worth $88,000 additional.   The goods in said Jayne street store had, some of them, been put there before July 24, 1889, and some

Opinion of Court below.

of them had been put there after that date. Plaintiffs cannot show by evidence, and no evidence is offered of the fact, how many of said goods were in the said Jayne street store on July 24, 1889, and how many of them had been put into said store thereafter."

At the close of the testimony, the court "directed a verdict for the plaintiffs, subject to the following points reserved:

"1. Whether the time which elapsed between July 24, 1889, and November 23, 1889, four months, was a reasonable time for removal; and

"2. Whether the plaintiffs were entitled to recover, on proof of value of the burnt property which was in the Jayne street store on November 23, 1889."

On June 30, 1890, a motion for judgment for the defendant *non obstante veredicto* having been argued, an opinion was filed, ARNOLD, J., which after stating the facts proceeded:

Consent to the removal of property, already insured, to another locality where it is to continue insured, is a new contract of insurance: May on Insurance, § 70 *a;* citing Rathbone v. Insurance Co., 31 Conn. 193; Kunzee v. Insurance Co., 41 N. Y. 412. The old contract is terminated and a new one takes its place.

We think that a fair construction of the agreement and consent for removal, in this case, is that the policy was to cover only such goods as were in the Jayne street store, during the time reasonably required for removal. The policy was a new contract of insurance on goods during removal, and thereafter in the new location only. It was not a straddling policy covering goods in both places during the whole life of the policy, but it covered the goods in both places during removal, and thereafter in the new place only.

The time occupied in removal must be such reasonable time as the circumstances necessarily required. But it is essential that the assured should give evidence to prove why there was so much delay in removal, where the delay is so long as four months, and if he does not do so a judge will be justified in saying that it is too great: Peoples Ass'n v. Smith, 126 Pa. 317. Decisions on the length of time covered by the words "as soon as possible," furnish some rules which aid us in deciding this

question. That phrase means, within a reasonable time; and when the facts are ascertained, the determination of what is a reasonable time is ordinarily for the courts. Where, however, the facts are not clearly established, or the question is dependent upon other controverted matters, it is, under proper instructions, a question for the jury to decide: Home Ins. Co. v. Davis, 98 Pa. 280; American Ins. Co. v. Hazen, 110 Pa. 530; Springfield Ins. Co. v. Brown, 128 Pa. 392. In the absence of any evidence to explain why the goods insured, in the Jayne street store, had not been removed within four months, we feel compelled to say that that space of time was more than could be reasonably required for removal, and that the policy sued upon covered the goods in the Fifth street store only at the time of the fire.

We are therefore of the opinion that it was incumbent on the plaintiffs to prove the value of the goods destroyed which were in the Jayne street store during the time reasonably required for removing them to the Fifth street store, and that proof of the value of the goods in the Jayne street store at the time of the fire is insufficient. A contract of fire insurance is a contract of indemnity against loss, and it is essential that the assured should prove, not only the fact but the amount of the loss, and that it occurred during the time covered by the policy: Kittanning Ins. Co. v. O'Neill, 110 Pa. 548, and cases cited therein.

Judgment for the defendent on the points reserved.

—Thereupon, the plaintiffs took this appeal specifying that the court erred:

1. In entering judgment for the defendant on the points reserved.

2. In not entering judgment for the plaintiff on the points reserved.

*Mr. John G. Johnson,* for the appellants:

There was no obligation upon the plaintiffs to remove the goods from the Jayne street store-house in a reasonable time or in any period of time. The company granted a privilege of removal, unrestricted as to time, and the policy continued to cover goods in the Jayne street store so long as any remained there. A privilege is not a duty; and, in granting the privilege, if the company meant that the failure to exercise it within any time

should cause a loss of the plaintiff's original right of insurance, it was its duty so to provide in the writing. If there be any doubt about the matter, such doubt must be resolved against the insurer: Kister v. Insurance Co., 128 Pa. 553; Teutonia Ins. Co. v. Mund, 102 Pa. 94; Burkhard v. Insurance Co., 102 Pa. 266. If, however, there was a duty to remove, the time within which it should have been performed was for the jury.

*Mr. Richard C. Dale*, for the appellee:

If it were necessary, we would attempt to satisfy the court that four months was an unreasonable time in which to effect the removal. But it is unnecessary to determine whether or not, as to the property originally covered by the policy, there was any loss of its protection because the removal was delayed an unreasonable time. The construction of the indorsement, placed on the policy, for which we contend, is that the writing gave to the plaintiffs the privilege of removing goods then stored at Eighth and Jayne streets to Fifth and Minor streets, and, pending the removal, to cover the property thus insured in both places, and, upon the completion of removal, to cover only the goods in the store to which removal was made. Upon a simple reading of the indorsement, this construction will be seen to be correct; and if so, the plaintiffs cannot recover, because they admitted inability to show what goods, burned on November 23, 1889, were goods which were on the premises at the time the privilege of removal was granted on July 24, 1889.

OPINION, MR. JUSTICE WILLIAMS:

The plaintiffs are merchants in the city of Philadelphia, with sales rooms at Eighth and Chestnut streets. They used a building at Eighth and Jayne streets for storage, and for packing and shipping goods to purchasers. The stock carried in the storage-house seems to have been about one hundred thousand dollars in value. The company defendant issued a general policy, concurrent with those of other insurance companies on this stock, for ten thousand dollars. It was dated in February, 1889, was for one year, and in the usual form. During the summer of 1889, the plaintiffs desired for some reason to transfer the stock and business of shipping from the building on Eighth and Jayne streets to another at the corner of Fifth and

Minor streets, and gave notice to the defendant company. Thereupon the company caused an indorsement to be made on the policy acknowledging notice of the fact that the goods were "about being removed," and agreeing, in consideration of an additional sum of eighteen dollars, that "this policy shall cover pro rata in both places during removal, and thereafter in the last-named location only." No time appears to have been fixed for the removal to begin, or within which it was to be finished; nor does it appear when the work of removal was entered upon. A fire occurred in the Jayne-street building in November, 1889. At that time the value of that part of the stock that was in the building on Fifth street was eighty-eight thousand dollars, and the value of that part of it still in the Jayne-street building was less than ten thousand dollars. This action was brought upon the policy to recover pro rata for the loss of goods on Jayne street.

The defence rests on the construction of the indorsement on the policy. The position is taken that it limits the operation of the policy, so far as the Jayne-street building is concerned, to the specific articles of merchandise that were on the premises when the indorsement was made, and to a reasonable time for their removal from that date. This position was sustained by the learned judge of the court below, who further held as matter of law that the defendant was not liable, because the goods destroyed had not been removed within a reasonable time. The case depends, therefore, on the construction of the indorsement. Before the indorsement was made, the policy was a general one, covering a stock which was used in business, and which was constantly changing in the specific articles composing it by the processes of shipment and supply. The plaintiffs desired to transfer this part of their business to another place. The object of the indorsement was to give consent to such removal, and to permit it to be made without losing the protection of the policy. The risk would be increased by the division of the stock during removal, and so an additional premium was charged and paid. When this consent was obtained and indorsed on the policy, it did not make it necessary for the plaintiffs to remove. They might avail themselves of the privilege they had purchased, or they might refrain from doing

Opinion of the Court.

so.   If they did not move, they lost the money they paid to
secure the privilege, but they lost nothing more.   Their policy
was unaffected by the indorsement unless they acted under it.
If they acted under it, and entered upon the work of removal,
they were not bound to suspend their business while that work
was in progress, and devote all their energies to the transfer
of the goods.   They had the right to continue to buy and
ship, pending removal, as well as before and after, just as they
were in the habit of doing; and the policy covered, concur-
rently with others, the stock actually used in the ordinary way,
without regard to the specific articles of which it was composed.
While the removal was in progress, the protection of the policy
was on each part of the stock, according to its pro rata value.
When the whole stock was transferred, the whole effect of the
policy was transferred to the actual site of the stock.   We
think, therefore, that the indorsement did not limit the policy
to the articles that were in the Jayne street building at that
date.

It may be that it was the duty of the insured, whenever they
began to remove, to proceed with reasonable diligence until
the work was done; but there is nothing to show when remov-
al began in this case, or that there was any delay in its prose-
cution.   When all the facts necessary to a judgment upon the
question are before the court, we do not deny that reasonable
time may be a question of law; but all the facts we find here
are that the indorsement was made in July, and the fire took
place in November.   When the actual work of removal began
does not appear.   The reasonable time for completing it must,
of course, be estimated from the time of beginning, and that,
so far as the bill of exceptions advises us, may have been but
a few days before the loss occurred.   There were no facts be-
fore the court, at least there are none before us, upon which
the court could determine this question as one of law.   Peoples
Ass'n v. Smith, 126 Pa. 317, is cited as sustaining the ruling
of the court below, but we cannot see that it does so.   In that
case the policy required " immediate notice " of an injury to
be given.   It was not given for several weeks, and this failure
was relied on as a defence.   We held, affirming the court be-
low, that whether the notice was a reasonable compliance with

the provision of the policy was for the jury, and not for the court.

The judgment is reversed, and judgment is now entered in favor of the plaintiffs on the verdict.