# First National Bank of Mildred, Appellant, *v.* Home Insurance Co.

*Evidence—Res gestæ—Words accompanying act—Words and phrases.*

1. Res gestæ may be defined as those circumstances which are the undesigned incidents of a particular litigated act and which are admissible when illustrative of such act. They may consist of speeches of any one concerned, whether participant or bystander; they may comprise things left undone as well as things done.

2. Their sole distinguishing feature is that they should be necessary incidents of the litigated act, necessary in this sense that they are part of the immediate preparations for or emanations of such acts and are not promoted by the calculated policy of the actors; the incidents may be separated from the act by a lapse of time more or less appreciable.

*Insurance—Fire insurance—Transfer of insurance—Parol agreement—Burden of proof—Evidence—Res gestæ—Change of terms of policy—Waiver—Principal and agent—Change of location of property—Act of June 8, 1915, P. L. 919.*

3. Where an agreement is made by telephone communication between two different towns for a transfer of insurance, and the agent of the insurance company, with power to act at once, directs his clerk to record the transfer on the policy record in his office, the

direction to the clerk is admissible in evidence as a part of the res gestæ.

4. In such case, the office copy of the policy upon which the transfer was entered, was properly admitted in evidence, inasmuch as it corroborated the witnesses as to the insurance company's performance of the transfer agreement.

5. A transfer agreement as to fire insurance may be made orally.

6. A provision in a policy of insurance that no one shall have power to waive any provision of the policy, unless such waiver shall be in writing, is for the benefit of the insurance company, and may be waived by it.

7. Where an agent of an insurance company, with power to act, agrees to a present transfer of the insurance, and enters it upon his record as done, and sends a copy of the same to the office of the company, without causing such entry to be made upon the original policy, it will be presumed that the company waived the requirement of the policy as to changes in its terms.

8. Where a standard fire insurance policy issued in pursuance of the Act of June 8, 1915, covers property while in one location "but not elsewhere," except in case of removal during or after a fire, and the parties agree upon a transfer of the insurance on a change of the location of the property, the insurance ceases in the old location, when it becomes effective in the new.

9. The burden of proof of establishing a parol agreement for an immediate transfer of insurance, is on the insurance company which sets it up.

*Appeals—Variance—Question not raised in lower court—Assignments of error.*

10. The question of an alleged variance not raised in the lower court will not be considered on appeal.

11. A question of variance not raised by any assignment of error, will not be considered.

Argued March 21, 1922. Appeal, No. 95, Jan. T., 1922, by plaintiff, from judgment of C. P. Sullivan Co., June T., 1919, No. 4, on verdict for defendant, in case of First National Bank of Mildred v. Home Insurance Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on policy of fire insurance. Before TERRY, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned,* among others, were various rulings and instructions, appearing by the opinion of the Supreme Court, quoting record.

*Richard B. Sheridan,* with him *John G. Scouten* and *Evan C. Jones,* for appellant, cited; Ruth-Hastings Glass Tube Co. v. Slattery, 266 Pa. 288; McKeesport Machine Co. v. Ins. Co., 173 Pa. 53; Kunzze v. Ins. Co., 41 N. Y. App. 412.

*Charles M. Culver,* with him *E. J. Mullen,* for appellee, cited: Pennsburg Mfg. Co., v. Ins. Co., 16 Pa. Superior Ct. 91; Com. v. Hilton, 74 Pa. Superior Ct. 20; Com. v. Berney, 28 Pa. Superior Ct. 61; Coll v. Transit Co., 180 Pa. 618.

OPINION BY MR. JUSTICE WALLING, May 8, 1922:

This appeal is by plaintiff from judgment entered on a verdict for defendant in an action on a fire insurance policy. On December 2, 1918, the defendant insurance company issued a $5,000 fire policy to the plaintiff bank, covering a quantity of cheese stored in the frame building of John Fiorini on the west side of Main Street in Mildred Borough, Sullivan County. Later, plaintiff decided to remove the cheese into a stone warehouse, situated a short distance away on the opposite side of the street. Thereupon the bank's president, on December 26, 1918, telephoned J. H. Thayer, defendant's agent who had issued the policy, with reference to transferring the insurance to the new location. The evidence was conflicting as to this conversation; the jury, accepting defendant's version, found that the bank president, when informed the insurance could be transferred, insisted that it be done immediately as the cheese would be moved that day, to which the agent, after vainly urging it would

be better to wait until the actual removal, consented, hung up the receiver and directed his clerk to record the transfer on the policy record in his office, which was done and entry thereof made as follows, viz: "Property insured under above policy is hereby transferred to a stone building situate on the East side Main Street, Mildred, Pa. Insurance to cease in old location and take effect in new from this date. J. H. Thayer, Agent;" a copy of which was sent same day to defendant's district office at Scranton. The oral agreement for the transfer, however, did not expressly provide that the insurance should cease at the old location. Plaintiff's agents immediately went with a team to the Fiorini building, but found it locked and Mr. Fiorini angrily forbade the removal of the cheese and drove them from the premises. No further effort was made to remove the cheese and it was destroyed by fire twelve days thereafter, without notice or knowledge to defendant of the failure to remove it. Plaintiff's president, while admitting a telephone conversation with defendant's agent, denied the making of such an agreement and the trial judge instructed the jury, in effect, that unless it found the minds of the parties met and both understood the agreement was for an immediate transfer of the insurance upon the cheese, from the old location to the new, plaintiff could recover. This was certainly all to which the latter was entitled.

The trial judge admitted evidence of the direction given by defendant's agent to his clerk as to making the transfer, which was clearly competent as part of the res gestæ. "The res gestæ may therefore be defined as those circumstances which are the undesigned incidents of a particular litigated act and which are admissible when illustrative of such act. These incidents may be separated from the act by a lapse of time more or less appreciable. They may consist of speeches of any one concerned, whether participant or bystander; they may comprise things left undone as well as things done.

Their sole distinguishing feature is that they should be necessary incidents of the litigated act; necessary in this sense, that they are part of the immediate preparations for or emanations of such act, and are not promoted by the calculated policy of the actors :" Wharton on Evidence (2nd ed.), sec. 259; Coll v. Easton Transit Co., 180 Pa. 619, 626; Bausbach v. Reiff, 244 Pa. 559; Shannon v. Castner, 21 Pa. Superior Ct. 294, 321. The words accompanying an act are a part of it: Littieri v. Freda, 241 Pa. 21. The office copy of the policy upon which the transfer was entered was also properly received in evidence; it corroborated the witnesses as to defendant's performance of the transfer agreement.

The original policy was in plaintiff's possession and the transfer was agreed upon by telephone with defendant's agent, whose office was in a neighboring borough, so the removal permit was not endorsed on the policy as it provides. It also contains a clause, inter alia, as follows, viz: "No one shall have power to waive any provision or condition of this policy . . . unless such waiver shall be in writing added hereto." This clause, however, was inserted solely for the benefit of the insurance company and could be waived by parol: McFarland v. Insurance Co., 134 Pa. 590; Mix v. Royal Ins. Co., 169 Pa. 639; Bush v. Hartford Fire Ins. Co., 222 Pa. 419; Witmer v. Royal Ins. Co., Ltd., 68 Pa. Superior Ct. 12; and see Ins. Co. of North America v. Melvin, 1 Walker 362.

The transfer agreement was valid although made orally. A parol contract of insurance is good except when otherwise provided by statute (26 C. J. p. 43, section 33) and so is an informal written contract: State Fire and Marine Insurance Company v. Porter, 3 Grant 123; and see Scheid v. Storch, 271 Pa. 496.

While the cheese could be moved in two hours, the agreement was for an immediate transfer of the insurance and the question of reasonable time to remove the property was not involved. When Mr. Thayer, who had

full authority to act for the defendant, agreed to a present transfer of the insurance, entered it upon his record as done and sent the report thereof to Scranton, without causing such entry to be made upon the original policy, it justified the finding of a waiver of that requirement: see William Zoller Company v. Hartford Fire Insurance Company, 272 Pa. 386. No additional premium was required, as the rate in the new building was less than in the old, and whether or not the agent gave plaintiff a credit for the difference was immaterial to the validity of the transfer.

The court below correctly distinguishes the cases of Kunzze v. American Exch. Fire Ins. Co., 41 N. Y. App., 412, and Sharpless v. Hartford Fire Ins. Co., 140 Pa. 437, cited by appellant. In the former the insured never ordered the policy transferred to the new location, and merely asked for permission to remove. In the latter the policy by express agreement, based on the consideration of an additional premium, covered the goods in both locations. But by the Act of June 8, 1915, P. L. 919, the standard policy (as is the one in suit) covers property while in one location "but not elsewhere," except in case of a removal during or after fire. So when the insurance became effective in the new location it ceased in the old.

As the trial judge properly instructed the jury, the burden of establishing the agreement for an immediate transfer of the insurance was on defendant, but the testimony of the agent, Mr. Thayer, and of his clerk, corroborated by the entries made at the time, although contradicted by that of plaintiff's president, and to some extent by that of his brother, was sufficient to require the submission of the question to the jury, which question was properly made the controlling one in the case.

The matter of alleged variance was not raised in the court below, and hence will not be considered on appeal: Miller v. Belmont P. & Rubber Co., 268 Pa. 51; Boyd v. E. F. Houghton & Co., 269 Pa. 273. Furthermore, that

question does not seem to be raised by any assignment of error. Two juries have found the facts in favor of the defendant and the record is free from error.

The judgment is affirmed.