## Corrigan, Admr., *v.* Home Life Insurance Company of America, Appellant.

Argued November 12, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Arthur S. Arnold,* with him *R. S. Hemingway,* for appellant.

*E. J. Mullen,* with him *E. J. Flynn,* for appellee.

OPINION BY PARKER, J., January 31, 1936:

The plaintiff has a judgment in an action in assumpsit brought to recover the face of a policy of industrial insurance on the life of a minor. The defense of the insurance company was that the policy had lapsed for nonpayment of premiums at such a date that it was not in force when the insured died, and it now argues that the evidence produced on the trial was not sufficient to support the verdict of the jury in favor of plaintiff.

The policy was dated January 14, 1929, and called for weekly payments of premiums of ten cents. It is conceded by defendant that premiums were paid to December 2, 1931, while the plaintiff alleges that they were paid to March 9, 1932. The policy allowed a period of grace for payments not exceeding four weeks, and it provided for automatic extended insurance for the face of the policy according to a schedule attached after the policy had been in force for three full years. The period of extension for this policy was one year and five months. The insured died on May 4, 1933, so that if the premiums were paid to January 14, 1932, the end of the three-year period, plaintiff was entitled to recover. The policy also contained the following clause: "All premiums are payable on Monday of each week,

in advance, at the Executive Offices of the Company, but may be paid to an authorized representative of the Company, but payments to be recognized by the Company must be entered at the time of payment in the Premium Receipt Book belonging to this Policy. If, for any reason, the premium be not called for when due by an authorized representative of the Company, it shall be the duty of the Policy-holder, before said premium shall be in arrears four weeks, to bring or send said premium to the Executive Offices of the Company or to one of its district offices."

At the trial, for the purpose of proving payment of the premiums,—all other items necessary to be made out being admitted,—the plaintiff produced the receipt book which showed the premiums to be paid to February 8, 1932, and proved the handwriting of the authorized representative who had entered the receipts. This with the production of the policy from the possession of the plaintiff made out a prima facie case, and the plaintiff might well have rested at this point: Roseberry v. Home Life Ins. Co., 120 Pa. Superior Ct. 450, 183 A. 121, but anticipating the affirmative defense set up in defendant's affidavit of defense, the plaintiff called the local collector and agent who testified that all the premiums shown on the receipt books were received and retained by the company.

The affirmative defense and the one on which appellant relies arises out of a clause in the premium receipt book which provided: "Agents are prohibited from paying or advancing premiums for policyholders." Under the facts as proven there is no merit in this position.

As we have indicated, the plaintiff made out a prima facie case when he produced the policy and receipt books and proved the payment of all premiums until and including February 8, 1932. However, the collector called by plaintiff testified that he advanced certain

of the payments beginning about November 2, 1931, for which he was reimbursed by the mother of the child and which he regularly transmitted to the company, all long before the death of the child, and that the premiums were retained by the company. This practice of advancing premiums now complained of was not only approved but abetted by the superintendent in charge of the district office of the defendant company at Shamokin, Pa.

"An actual payment of the premium by an agent of the company to it is as effectual as one made by insured himself, unless it is made without the request, direction, or ratification of insured; but of course the rule is not applicable where the agent does not pay the premium. Where the agent of the company, upon his individual responsibility, extends credit for the premium to insured, as by accepting the note of insured payable to the agent individually, and pays the amount to or is charged with it by the company, such payment inures to the benefit of insured and consummates the contract": 32 C. J. 1134, §239. "If an agent extends credit for the premium to the assured, and pays the amount to or is charged with it by the company, such payment inures to the benefit of the assured and consummates the contract": Essington Enamel Co. v. Granite State F. I. Co., 45 Pa. Superior Ct. 550, 557.

But appellant contends that the agent was prohibited from advancing such premiums. The clause bearing upon this matter and on which appellant relies was not a part of the policy but was contained in the premium receipt book. The policy itself specifically provided: "This policy and the application herefor constitute the entire contract between the parties hereto." As we have pointed out in the case of Roseberry v. Home Life Ins. Co., supra, the receipt book has a very definite value in proving the payment of premiums and in that

case the company was given the full benefit of such principle. By the same token they should be here held to the same accountability for what is contained in the receipt book. However, there is nothing in the clause relied upon which would justify a forfeiture of the policy when the premiums were actually remitted to and retained by the company. The law abhors a forfeiture. The clause referred to is one of a number of clauses referred to as "Instructions" which have not here such force as to make them the basis for a forfeiture. It may be added that since this was not a provision of the policy itself, it is undoubtedly such a provision as might be waived: First Nat. Bank of Mildred v. Home Ins. Co., 274 Pa. 129, 118 A. 17; Evans v. Metropolitan Life Ins. Co., 294 Pa. 406, 144 A. 294. In support of this view we have not only the testimony of the collector, but the fact that the district office, with full knowledge of the fact that these premiums had been advanced, wrote to the mother of the insured urging her to continue the policy. In referring to the evidence we have viewed it in a light most favorable to the plaintiff, as we are required to do.

What we have said heretofore disposes of the questions covered by the assignments of error which complain of the charge of the court.

Judgment affirmed.