LOTTINGER, Judge.
This is a suit filed by Josephine Domino, as petitioner, against New York Fire Insurance Company, New York Underwriter’s Insurance Company, and Firemen’s Insurance Company of Newark, New Jersey, as defendants, to recover for the total destruction by fire of a certain building and its contents. The Lower Court awarded judgment in favor of the defendant insurance companies and against petitioner, and dismissed the petitioner’s demand. The petitioner has taken a devolutive appeal.
The record indicates that on June 1, 1958, one Mary Domino leased from the Succession of Valla P. Landry a portion of ground fronting on Lake Palourde in the Parish of St'. Mary, Louisiana. Some time thereafter, and during the year 1958, Miss Domino remodeled the existing building thereon, and added a bar, dance hall and restaurant on the premises. She purchased and placed some $7,000.00 worth of movable fixtures and equipment in the premises.
On March 15, 1960, Miss Domino sublet the premises, including the additional improvements which she had constructed thereon, to Billy H. Roberts and Milton S. O’Neal. This sublease began on March 15, 1960 and terminated on March 31, 1963, with an option for renewal for an additional five years being vested in the lessee. The lease contract provided that the rentals were to be for the sum of $500.00 per month, or $18,000.00 for the three year primary term, and for $48,000.00 in the event the five year option was exercised.
On May 2, 1960, Mary Domino sold all of her rights, title and interest in and unto the said premises to her sister, Josephine Domino, the petitioner herein, by authentic act of sale which was duly registered in the records of St. Mary Parish, Louisiana. This sale provides for a cash consideration of $10,658.00, subject to all outstanding encumbrances covering the subject properties. The act recites the cash consideration as “representing advances and loans made from time to time by the vendee herein to the vendor, the receipt whereof is hereby acknowledged, and good acquittance and discharge given for the same * * * Subsequent to the sale, on June 9, 1960, petitioner purchased from the Funderburk Agency in Houma, five policies of insurance covering the subject property, each of the policies providing for coverage of $4,-200.00 on the buildings and improvements and $800.00 for the contents. The first year’s premium on all policies was paid by petitioner, and the policies were delivered by mail to her. On August 10, 1960, the premises covered by the policies were totally destroyed by fire of undetermined origin.
Although due proof of loss was made upon the insurance companies concerned, they refused to make payment in accordance with the provisions of the policies. The petitioner, therefore, brought this suit *552 against the five insurance companies concerned seeking recovery of the amount of the policies plus penalties and attorney fees because of the “arbitrary and capricious” failure of the insurance companies to make payment under the policies. Two of the insurance companies compromised the claims against them, and the suit was dismissed as regards these two insurance companies. Remaining as the three defendants, are the three companies hereinabove named. These three companies filed answer alleging that the policies were void from their inception for the reason that plaintiff willfully concealed and misrepresented a material fact concerning the insurance and the subject thereof as well as the interest of the plaintiff therein, their defense being that the petitioner had no insurable interest in the premises covered by the policies. Each of the policies in question insured the building for $4,200.00 and the movable goods situated therein at $800.00.
The Lower Court held that the sale from Mary Domino to petitioner, Josephine Domino, was a simulation and that, therefore, the petitioner had no insurable interest in' the premises destroyed by fire. Accordingly, judgment was rendered by the Lower Court in favor of defendants, dismissing the petitioner’s action. Petitioner has appealed.
Title 22, Section 614 of the LSA-Revised Statutes defines insurable interest as follows:
“Insurable interest’ as used in this Section means any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage.”
Petitioner has filed into the record of this proceeding a copy of the authentic act of sale wherein the petitioner, Josephine Domino, acquired the property which was subject to the insurance from her sister Mary Domino. It is this authentic act of sale which is attacked by the defendants. Inasmuch as an authentic act is prima facie proof of its contents, the burden is upon the defendants to prove that the said sale was a simulation and, therefore, that the petitioner had no insurable interest in the property. A simulated sale of a thing results when parties pass a formal act of sale of the thing for which no price is given nor intended to be given, however, when consideration, no matter how inadequate, has been paid by the purchaser to the vendor the transaction is not a simulated sale. Nelson et al. v. Wiegand, et ux., 224 La. 731, 70 So.2d 665.
The testimony of Mary Domino as well as that of the petitioner, Josephine Domino, is to the effect that the sale which is here questioned was bona fide, and that actual consideration was paid by Josephine to Mary. This consideration, as testified by the petitioner, consisted of certain advances in money which had been made by petitioner to her sister, Mary, over a period of apparently many months. Although the petitioner was unable to testify as to any dates when these payments were made, nor to the amounts thereof, we do not feel that the defendant has successfully contradicted the testimony of both parties to the sale as to the payment of consideration. Josephine Domino testified that she, over a period of time, made advances to her sister totaling something in the neighborhood of $20,000.-00. If this were the case, or even if the amount advanced was substantially less, then certainly any advances would be sufficient consideration upon which to base this sale which, was, in effect a dation en paiement. Her failure to recall the dates as well as the amounts does not indicate to us that these advances were not actually made. The petitioner was some sixty years of age, and her age could very easily be a contributing factor in her lapse of memory as to the dates and amounts.
It was testified by representatives of the agency through which the insurance policies were written that the petitioner herself made payment of the first year’s insurance premium in the sum of $895.00. The evi *553 dence further shows that when the premises burned, the lessors of the premises called the petitioner to notify her of the fire, which would indicate to us that they considered her to be the owner of the premises.
 Another point of defense which is raised by the defendants is that the sister of petitioner, Mary Domino, collected the rent and dispersed the money in the payment of bills. This was explained by both sisters to the effect that Mary was more familiar with the business and that she was, in fact, making the collections as the agent of petitioner. The rentals collected by her were used to make payments of the outstanding mortgages and liens which bore against the premises. It is true, as cited by defendants, that a presumption of simulation arises from the fact of a vendor’s possession after sale. However this presumption may be rebutted by showing that there was an actual bona fide consideration, although inadequate. Nelson et al. v. Wie-gand et ux., supra.
Another thing which indicates to us the validity of the sale is the testimony by Mary Domino that she owned other properties which had a value of some $50,000.0Q. This testimony is not contradicted, and such being the case, certainly the sale in question could not have been for the purpose of placing her property beyond the reach of her creditors.
We feel that the evidence, taken as a whole shows that the sale from Mary Domino to her sister was a valid and bona fide transaction for consideration. Although the testimony of both Mary Domino and petitioner was vague in many respects, particularly with regard to the dates and the amounts of the advances made by petitioner to her sister, we find that defendants have failed to sustain their burden of proving that the petitioner had no insurable interest in the premises.
With regard to penalties and attorney fees, we feel that the petitioner’s demand must fail. The Lower Court held that the transaction was a simulated sale which, if true, would defeat the petitioner’s demand. Inasmuch as the Lower Court, although erroneously, held such, we do not believe that the defendants were arbitrary and capricious in believing the same.
For the reasons hereinabove assigned, the judgment of the Lower Court is reversed and there is judgment herein in favor of petitioner, Josephine Domino, and against the defendants, New York Fire Insurance Company, New York Underwriter’s Insurance Company and Firemen’s Insurance Company of Newark, New Jersey, each in the sum of $5,000.00, with legal interest thereon from date of judicial demand until paid, and for all costs of this proceeding.
Judgment reversed.