TATE, Judge.
This is a suit by the insureds under a fire insurance policy covering household effects. The defendant insurer (“State Farm”) appeals from judgment in favor of the plaintiff. The plaintiff answers the appeal to request the allowance of statutory penalties for the insurer’s allegedly arbitrary refusal to pay the claim.
In 1962 State Farm issued the policy in face amount of three thousand dollars insuring the household contents in a certain brick residence situated in Ville Platte. The home with contents was destroyed on April 22, 1963, at a time when the plaintiffs, husband and wife, were at least partially moved to another dwelling in Pine Prairie, some twenty miles away.
The substantial questions of this appeal will concern: (1) whether the policy ceased to cover the Ville Platte effects because of such removal; (2) whether a stamp collection contained in the Ville Platte household was covered under the policy, and, if so, the correct valuation thereof; and (3) whether the plaintiffs are entitled to penalties and attorney’s fees for the nonpayment of the fire losses in question.
1. Policy coverage of Ville Platte effects.
The plaintiffs had moved their bedroom furniture and some of their household effects from Ville Platte to Pine Prairie on March 15th, some 5)4 weeks before the fire destroyed their Ville Platte home with their remaining household effects still located in it. The plaintiffs testified that they were moving piecemeal from Ville Platte to Pine Prairie, taking some of their household effects on almost every occasion that they had returned to their Ville Platte home. After taking two loads of furniture in their pickup truck on the occasion they commenced moving in March, they had subsequently made approximately five or six trips at irregular intervals removing a portion of their effects on each occasion, the last of them about a week before the fire, on each trip taking to Pine Prairie an additional portion of their personal effects from the Ville Platte home. According to their testimony, they had not quite completed the move, and at the time of the fire there was still located in the Ville Platte home some chairs and dishware, some clothing, a floor heater, and miscellaneous personal effects, including a stamp collection.
While they were in the process of moving, the plaintiffs had so informed State Fdrm’s local agent from whom they had purchased the policy. On April 12th the company had issued a rider stating that the location of the household effects was to be in Pine Prairie effective April 1st, a rider which the plaintiffs denied receiving.
In any event, the plaintiffs contend that at the time of the fire there was still coverage of the Ville Platte effects under a provision of the policy that, if insured household effects were removed to another location during the term of the policy, then nevertheless the policy should cover the *840 property at the former location “during the period of removal.” [1]
The defendants contend that the move to Pine Prairie had been completed before the fire, since the plaintiffs had been living in their Pine Prairie home some five weeks. It is contended that therefore, under the terms of the clause, coverage ceased at the former location. (See policy language in Footnote 1 above.)
Under the policy provision, the household effects were covered pro rata at both locations during the “period of removal.” See: Annotation, Coverage — Removal Rider, 38 A.L.R. 1520; 29-A Am.Jur. “Insurance”, Section 871 (p. 85); cf., 17 Appleman, Insurance Law and Practice (1945), Section 9569 (p. 261).
"Period“ means “any point, space, or division of time. * * * ‘it may mean any portion of complete time from a thousand years or less to the period of a day * * ” Black’s Law Dictionary (4th ed., 1951), “Period”, p. 1297. In the absence of policy limitation otherwise, it is a question of fact as to whether the loss occurred during the period of removal. Sharpless v. Hartfore Fire Ins. Co., 140 Pa. 437, 21 A. 451 (1891). The insurer may of course limit its liability by a policy provision providing that the removal should be within a specified period (cf., Kratchman v. North British and Mercantile Ins. Co., 240 Mo.App. 297, 203 S.W.2d 483, 1947), but this was not done in this instance.
We find no manifest error in the trial court’s factual determination based upon the above evidence that the fire loss of the Ville Platte property occurred during the “period of removal” from Ville Platte to Pine Prairie. We therefore affirm the trial court’s holding that the plaintiffs are entitled under the policy clause to recovery for the loss through fire of their household effects at Ville Platte, in the proportion that the value of the goods located there bears to the aggregate of such value plus the value of the household goods located at the Pine Prairie home. (See policy language in footnote 1 above.)
2. Coverage of stamp collection.
Included among the items destroyed by the Ville Platte fire was a stamp collection maintained and increased over some twenty years by the plaintiff wife. The insurer-appellant contends that this stamp collection was not such personal property as is usually found among household effects, and that therefore the collection was not covered under the policy insuring provisions.
The plaintiffs, however, point out that the policy coverage extended to “all household and personal property usual or incidental to the occupancy of the premises as a dwelling (except aircraft, motor vehicles, and boats other than rowboats and canoes).”[2] The plaintiffs urge in brief, *841 correctly in our opinion, that the test of coverage is not “whether it is usual for people to have stamp collections in their homes, hut whether it is usual for people who have stamp collections to keep same in their home.” Cf., Dixie Fire Insurance Co. v. McAdams, Tex.Civ.App., 235 S.W.2d 207, 41 A.L.R.2d 714 (1950).
The provision excepting aircraft and motor vehicles, etc., from the insurance coverage of all other household and personal property usual or incidental to the occupancy of the premises as a dwelling, seems to us to indicate that of personal property kept on the premises incidental to occupancy thereof as a dwelling, only the specifically excepted items ai;e not covered, whereas other such items usually kept by the owners at their residence (including, of course, stamp collections) are covered. “Inclusio unius est exclusio alteráis” (“The inclusion of one [in the excepting clause] is the exclusion of another [from the exclusion clause]”.)
In arguing that the stamp collection was not a personal effect covered by the insurance policy, the defendant-appellant cites Tibbils v. Federal Insurance Co., D.C.Mun.App., 119 A.2d 114 (1955).
Therein, the decision concerned whether a stamp collection was covered by a floater policy covering, in the policy language, personal effects “such as are usually carried by tourists and travelers.” In denying coverage for a travel loss, the court held that the stamp collection was not the sort of personal effects usually carried by tourists or travelers, mentioning jurisprudence that the test of the coverage referred “not only to personal effects which most tourists and travelers carry, but those which a person who owned them would carry with him while touring or traveling.” 119 A.2d 115. Considering that the present clause insured personal property usual or incidental to residential use of the premises, we think that, instead of being opposing authority, the Tibbils decision rationale supports policy coverage of the stamp collection in this instance, as being the type of property which the owner would have in his home incidental to his residence therein, such property being covered by the present insuring clause.
We agree, therefore with the trial court that the stamp collection destroyed by fire was within the property insured against fire loss by the defendant’s policy.

Valuation of stamp collection.

There is a further substantial dispute as to the value of the stamp collection.
The plaintiff wife had been collecting stamps for almost twenty years, since a young girl. At the time of the fire, she stated that she had collected over six hundred thousand stamps; “that she had wanted more and more stamps”, and that she had even saved stamps from every letter she received in the mail. Tr. 42. She testified that her stamp collection filled two albums, plus boxes and a suitcase containing stamp covers, loose stamps, and uncollected sheets upon which stamps were affixed. She stated that the collection had cost her $800 over the years, but that it had greatly increased in value by the passage of time. In her petition, she prayed for $5,000 for the value of the stamps; on the witness stand, she estimated that the collection’s retail value was between six and ten thousand dollars. There was no other testimony as to the value of the stamps.
It was definitely proved that the plaintiff did have a stamp collection of some extent which was destroyed by the fire. ' Relying upon the principle that the courts have discretion to award damages where there is a legal right to recovery but an exact estimation of the loss cannot be made (Brantley v. Tremont & Gulf Railway Co., 226 La. *842 176, 75 So.2d 236; Farthing v. Neely, La.App. 3 Cir., 129 So.2d 224), the trial court valued the collection at fifty per cent of the amount ($5,000) demanded, or at $2,500.
We respectfully disagree with our trial brother as to this valuation.
In this connection, we point out that the plaintiff wife’s valuation was based upon a very general and undetailed estimate, with only two or three somewhat valuable items specifically indicated by vague description, and with no calculation at all as to the basis upon which her estimate of several thousand dollars’ value was based, although by her own testimony the total cost was $800. In addition, we also take into consideration that the plaintiff wife herself, when by her own hand she listed for her own attorney the Ville Platte property lost in the fire, estimated the present worth of the stamp collection as $800, which she also indicated to be the value thereof. See P-2, Tr. 13.
Taking all of these circumstances into consideration, we feel that, while the testimony of the plaintiff herself (accepted by the trial court) may be considered to have sufficiently proved the initial cost of the stamp collection as $800, see Tolbird v. Southern Insurance Co., La.App. 2 Cir., 130 So.2d 535; nevertheless, we cannot accept as competent proof of greater value the plaintiff wife’s generalized and uncorroborated estimate, without specified basis as to items totalling this value, when such increment value is merely speculative in the absence of more definite testimony, either by the plaintiff herself or others, corroborated insofar as is possible by (in this type of semhspeculative value) testimony of an expert nature. A general estimate by the plaintiff only, uncorroborated to the extent possible, may be considered incompetent to prove a loss claimed. See, e. g., Jobe v. Credeur, La.App. 3 Cir., 125 So.2d 487; Rhymes v. Guidry, La.App. 1 Cir., 84 So.2d 634, and cases cited therein.
We therefore find that the value of the stamp collection destroyed in the Ville Platte fire has not been proved to exceed its cost, $800.
3. Penalties and attorney’s fees.
By answer to the appeal, the plaintiffs contend that the trial court erred in failing to allow them statutory penalties and attorney’s fees because of the defendant-insurer’s failure to pay the loss insured by the policy. Such statutory penalties are assessed “when such failure is found to be arbitrary, capricious, or without probable cause.” LSA-R.S. 22:658.
In the present instance, there was a bona fide dispute of a serious nature whether the loss was covered at all, on the ground that, under the policy, coverage of the Ville Platte property ceased “during the period of removal.” By an alternative construction, the insured was entitled to recover up to ten (10) per cent (i. e., $300) of the face amount ($3,000) of the policy, for the loss of insured property “while elsewhere than on the described premises.”
As between these two policy provisions, it is uncertain whether the plaintiff was entitled to any recovery whatsoever for the Ville Platte property. There is thus a substantial dispute under the policy the plaintiff would be entitled to recover at the least: either (1) $300 (under the “while elsewhere” clause), or (2) zero (because the policy “shall cease to cover at the former location [Ville Platte] except * * * during the period of removal”), if the policy provision quoted in full in Footnote 1 cancels the “while elsewhere” coverage (there being a bona fide dispute whether the “period of removal” had terminated) ; or (3) $346.80 (the full value of the goods at Ville Platte), if the policy endorsement was not effective changing the policy location to Pine Prairie, and the “period of removal” clause did not modify this obligation; or (4) (excluding the value of the stamp collection as to which there was a *843 bona fide dispute as to coverage), the proportion of $346.80 (the value of goods at Ville Platte) that such value bears to the total value of goods at both Ville Platte and Pine Prairie (approximately one thousand dollars, see “Summary” below), or a total of about $100.
Considering all of these circumstances, we think there were serious and bona fide disputes as to whether the insurer owed anything at all, or, if so, how much. By reason of this, the defendant-insurer was not arbitrary or without probable cause in failing to make payment of the fire loss, and thus the trial court properly disallowed statutory penalties and attorney’s fees. See: Wells v. Twin City Fire Insurance Co., 239 La. 662, 119 So.2d 501; Rigdon v. Marquette Cas. Co., La.App. 2 Cir., 163 So.2d 442; Domino v. New York Fire Ins. Co., La.App. 1 Cir., 153 So.2d 550; Bennett v. Niagara Fire Ins. Co., La.App. 3 Cir., 126 So.2d 718. See also Creole Explorations, Inc. v. Underwriters at Lloyds of London, 245 La. 927, 161 So.2d 768.

Summary.

Under the policy insuring provision, the plaintiffs are entitled to recovery in the proportion that the value of the goods located at Ville Platte bears to the aggregate value of the goods located at both the Ville Platte and Pine Prairie locations. (See policy clause set forth at Footnote 1 above.)
The trial court valued the goods located in Pine Prairie at $797.09 and valued the personal property in the burned Ville Platte premises at $346.80 (aside from the stamp collection). We find no error in these valuations. Disallowing a greater value found by the trial court, we have found that the value of the stamp collection located at Ville Platte was $800.
Therefore, the total value of the Pine Prairie personal effects was $797.09; the total value of the Ville Platte effects was $1,146.80; and the aggregate value of the goods at both locations was $1,943.89. The proportion of value that the property located at Ville Platte bears to the aggregate value of the property at both locations is 59%. The plaintiffs are thus entitled to recover 59% of $1,146.80 (since the Ville Platte personal effects were totally destroyed by the fire), or the sum of $676.46.

Decree.

For the foregoing reasons, the judgment of the trial court is amended so as to reduce the principal amount awarded to the plaintiffs to $676.46. In all other respects the judgment of the trial court is affirmed. The defendant-appellant is to pay the costs of this appeal.
Amended and affirmed.

. The policy provision in full is as follows : “If the household and personal property covered hereunder is removed during the term of this policy to another location within the limits of this state occupied in whole or in part as the Insured’s residence, this policy shall cover such property while at such new location up to the amount specified for Contents and shall cease to cover at the former location, except that during the period of removal this policy shall cover at each location in the proportion that the value of the described property at each location bears to the aggregate value at both locations.”

. The clause in full provides: “Wlien the insurance policy covers household and personal property (or contents), such insurance shall only cover all household and personal property usual or incidental to the occupancy of the premises as a dwelling (except aircraft, motor vehicles and boats other than rowboats and canoes), including household and personal property purchased under an installment plan and usual or incidental to a dwelling belonging to the Insured or for which the Insured may be liable or, at the option of the Insured belonging to a member of the family of the In *841 sured or to a servant thereof, while contained in the described dwelling or appurtenant private structures or while on the described premises.”