**RELIANCE INSURANCE COMPANY and New Hampshire Fire Insurance Company**

v.

**BOARD OF SUPERVISORS, LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE.**

**Civ. A. No. 2128.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.
June 30, 1966.

Frank J. Peragine, Lansing L. Mitchell, Eberhard P. Deutsch, Deutsch, Kerrigan & Stiles, New Orleans, La., for plaintiffs.

R. Gordon Kean, Jr., Sanders, Miller, Downing, Rubin & Kean, Baton Rouge, La., for intervenor, L. Bruce Jones.

WEST, District Judge:

In March of 1958 the band building and its contents, located on the Baton Rouge campus of Louisiana State University, was completely destroyed by fire. Plaintiffs, Reliance Insurance Company and New Hampshire Fire Insurance Company, who were the property insurers of Louisiana State University, brought this declaratory judgment action in September of 1958, seeking to have its monetary liability determined. At the time this suit was filed, it was the plaintiffs' contention that their liability was limited to the maximum sum of $59,133.00, this sum being the value placed on the property in the schedule of values prepared by the University and annexed to the policy. The University, on the other hand, contended that they were entitled, under Louisiana law, to recover the actual cash value of the lost property without regard to the insurable values which they had attached thereto in the schedule of values. At the time this suit was filed, there was pending in Federal Court in New Orleans another suit, involving that precise question, and by agreement of counsel, this suit was, from time to time, continued pending the outcome of that suit. That suit was not finally decided until 1963, 5 Cir., 322 F. 2d 803, when the Court held adversely to plaintiffs' claim and held that the policy provided blanket coverage and that the assured was entitled to recover the actual cash value, determined as of the time of the loss of the property destroyed. Thereafter the University's claim was amicably settled.

But the policy in question contained the following provision:

"It is agreed that this policy covers books, tools, equipment and instruments of officers and employees of the insured while on premises of the insured incident to their employment, unless collectible under other insurance, loss, if any, to be adjusted with and payable to the insured, (i. e., the University) named in the policy."

Professor L. Bruce Jones, claiming that under this provision of the policy he is entitled to recover for his property lost in the fire, intervened in this suit. Since the University's claim has been settled, it is only the claim of Professor Jones that remains for adjudication now.

Trial was held before this Court, without a jury, and as a result thereof, the Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The band building on the Louisiana State University Campus was destroyed by fire on March 19, 1958. At the time of the fire the plaintiffs had the insurance coverage on the building and contents which obligated them, among other things, to pay the actual cash value of the property of Professor Jones, incident to his employment, lost in the fire, said value to be determined as of the date of the loss.

2. The Court finds, as a fact, that intervenor, Professor Jones, has established, by a preponderance of the evidence, that the following items of personal property, incident to his employment, were destroyed in the fire of March 19, 1958, and that the "actual cash value" of the various items at the time of the loss was as indicated after each item:

| | | |
|---|---:|---:|
| Band library | | $19,617.00 |
| Reference library of books | | 2,046.00 |
| Instructor Method books | | 540.00 |
| Record library | | 795.60 |
| Instruments: | | |
| Clarinet, P–G | $ 275.00 | |
| Clarinet, Bettony | 100.00 | |
| Sousaphone | 475.00 | |
| Saxaphone | 235.00 | |
| Cello | 175.00 | |
| Stand for sousaphone | 18.00 | |
| Stand for clarinet | 5.00 | |
| Cornet and trombone mutes | 226.45 | |
| Embouchure rings | 5.00 | |
| Violin | 500.00 | |
| Bow (tourte) | 1,125.00 | |
| Bow | 90.00 | |
| Case | 60.00 | |
| Cover | 18.75 | |
| Violin bow and case | 110.00 | |
| | | 3,418.20 |
| Miscellaneous | | 127.75 |
| TOTAL CASH VALUE OF PROPERTY DESTROYED | | $26,544.55 |

By way of explanation, while the estimated value of the band library was $24,521.00, Professor Jones testified that he was agreeable to applying a 20 per cent discount to this item because the same discount had been applied to the loss of the University insofar as band library was concerned. It was agreed that both the University and Professor Jones could buy these items at a 20 per cent discount. But no such convincing proof was adduced in connection with the reference library or the Instruction Method books. While it may be that the University is granted a discount on these items, the Court cannot conclude from the evidence that such a discount would be available to Professor Jones. Furthermore, while the witness, Dr. Timm, applied a discount to these items, the University officials did not recognize the availability of such a discount to Professor Jones, and consequently they approved professor Jones' evaluation of these items. As for the record library, the evidence shows that the actual replacement cost of the lost records is $884.00. But it is obvious that these records had been used and consequently were not all worth their original cost. Records depreciate rather than enhance in value and consequently, the Court has arbitrarily reduced their overall value by ten per cent of their original cost.

While the intervenor, Professor Jones, has proved the cost price of the various musical instruments involved, it is the opinion of the Court that, except for the Friedrich violin, he has failed to prove that as of 1958 these instruments had increased in value. By the same token, the Court is of the opinion that plaintiffs have failed to prove, by a preponderance of the evidence, that these instruments have depreciated in value. Hence the Court finds as a fact that the values above assigned represent the actual cash value of the instruments as of the date of the fire. All of the miscellaneous items, totaling $157.70, were proved except the Sunbeam Electric Razor, valued at $29.95, which could not be considered incident to his employment. Hence, the Court finds the actual cash value of these miscellaneous items to be $127.75.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this diversity matter and venue is properly laid in the Eastern District of Louisiana, Baton Rouge Division.

2. Plaintiffs, as insurers of the property of Louisiana State University and of the property of its employee, Professor Jones, incident to his employment, are liable for the amount of Professor Jones' loss resulting from the fire of March 19, 1958, to the extent of the "actual cash value" of the destroyed property as of the day of the loss. Reliance Ins. Co. v. Orleans Parish School Board, 322 F.2d 803 (CA5–1963), cert. den. 377 U.S. 916, 84 S.Ct. 1180, 12 L.Ed.2d 186.

3. While at the outset of the case the insured has the burden of proving the amount of his loss, Tedesco v. Columbia Ins. Co. of New Jersey, 177 La. 142, 148 So. 8 (1933), nevertheless, after a prima facie case has been made, the burden then rests upon the insurer to establish facts upon which a release from its obligation is predicated. Catalanotto v. Minneapolis Fire & Marine Ins. Co., 131 So. 705 (Orl.Cir. 1931); Massachusetts Protective Association, Inc. v. Ferguson et ux., 168 La. 271, 121 So. 863 (1929); Board of Commissioners of Port of New Orleans v. Norwich Union Fire Ins. Soc. Limited, 51 F.Supp. 245 (E.D.La., 1943).

4. The Standard Fire Policy in Louisiana, as described in LSA–R.S. 22:691, provides that the policy covers the property of the insured to the extent of the actual cash value of the property at the time of loss but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss. Thus, although replacement cost is not the sole criteria by which to measure the amount of loss, it is one factor that the Court

may consider in arriving at actual cash value. Bogalusa Gin & Warehouse v. Western Assur. Co., 199 La. 715, 6 So.2d 740 (1942); Roberts v. Houston Fire & Cas. Co., 168 So.2d 457 (3 Cir. 1964); Williams v. Gallagher Transfer & Storage Co., 170 La. 461, 128 So. 277 (1930); McGuire v. State Farm Fire & Cas. Co., 175 So.2d 838 (3 Cir. 1965).

■ 5. Thus, taking into consideration the original cost, possible appreciation and depreciation, nature of the property involved, and current replacement cost, the Court determines, as a matter of law, that plaintiffs are liable to intervenor, Professor L. Bruce Jones, for the total sum of $26,644.55, made up of the individual items listed hereinabove under Finding of Fact No. 2, together with interest at the rate of 5 per cent per annum from September 29, 1958, the date of judicial demand, until paid.

■ 6. The Court further finds, as a matter of law, that there were serious legal and factual issues in dispute at the time intervenor filed his proof of loss, and that thus, the failure of plaintiffs to pay this claim cannot be considered to have been "arbitrary and capricious" as contemplated by LSA–R.S. 22:658, and hence intervenor is not entitled to recover the penalties and attorney's fees as provided for therein.

7. Judgment will be rendered in favor of intervenor, Professor L. Bruce Jones, and against the plaintiffs in accordance herewith.

8. Inasmuch as the two plaintiffs did not insure Louisiana State University and its employees on an equal basis (Reliance Insurance Company having 70 per cent of the total coverage and New Hampshire Fire Insurance Company having 30 per cent of the total coverage), the judgment to be rendered herein shall operate on each plaintiff according to the percentage of their coverage, and if they are unable to agree on the allocation of the judgment, they may apply to this Court for a determination thereof.