503 So.2d 1043 (1987)
Charles E. BINGHAM and Linda Bingham, Plaintiffs-Appellants,
v.
The ST. PAUL INSURANCE COMPANY, Defendant-Appellee.
No. 18420-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1987.
*1044 S.E. Lee, Jr., Winnsboro, for plaintiffs-appellants.
Hayes, Harkey, Smith & Cascio by Bruce M. Mintz, Monroe, for defendant-appellee.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
SEXTON, Judge.
Plaintiffs, Charles and Linda Bingham, brought suit against St. Paul Insurance Company, their homeowner's insurer. The trial court granted summary judgment in favor of St. Paul from which the Binghams appeal. St. Paul has answered the appeal challenging the assessment of costs against it. We affirm the summary judgment and reverse the assessment of costs.
The Binghams' residence, subject of the homeowner's policy, was destroyed by fire on or about August 19, 1984. The home and its contents were a total loss.
After notification of the fire loss, St. Paul paid the policy limit in full for the loss of the house. St. Paul also paid the sum of $25,500 for the contents of the dwelling, the sum it contends is the limit of its liability under the Unscheduled Personal Property provisions of the policy. The face of the policy sets a limitation of liability for such property at $25,500.
At issue is the interpretation of an endorsement contained within that policy entitled Home Contents Replacement Cost Endorsement. The Binghams contend that under that endorsement they are entitled to the entire replacement cost of the contents of their home, which they value at $54,528.29. Defendant, St. Paul, contends to the contrary that the extension of coverage that the Binghams purchased was simply a provision which required the company to pay the actual replacement cost of lost property within the limits of the $25,500 provision, without considering depreciation.
The endorsement reads in pertinent part as follows:
HOME CONTENTS REPLACEMENT COST ENDORSEMENT
In consideration of an additional premium, coverage of this policy is extended to include the full cost of repair or replacement without deduction for depreciation, subject to the conditions of this endorsement and applicable to:
Coverage CUnscheduled Personal Property,
and
Outdoor radio and television antennas, carpeting,
awnings, domestic applicances and outdoor equipment.
Coverage provided by this endorsement is limited to the policy perils insured against.
This Company's liability for loss on any one item or items covered hereunder shall not exceed the smallest of the following amounts:
1. 400% of the actual cash value at the time of loss
2. Replacement cost at the time of loss
3. The full cost of repair
4. Any special limits of liability described in the policy.

*1045 ....
All other terms and conditions of the policy not in conflict herewith remain unchanged.
[Emphasis ours.]
In written reasons for judgment, the trial court agreed with the defense position that the endorsement did not affect the defendant's limits of liability as shown on the face of the policy. Thus, the trial court found that the endorsement simply changed the method of determining the value of lost property under Schedule C where the loss was less than the policy limits.
The trial court was influenced in its decision by Item 4 above regarding "special limits of liability." We agree with the result reached but for somewhat different reasons, believing that Item 4 is meant to apply only to Paragraph 2B of Additional Conditions. These conditions limit the liability under Unscheduled Personal Property to specific amounts for certain types of personal property.
It is well settled in Louisiana law that ambiguities in insurance contracts are to be resolved against the insurer and in favor of the insured. Graham v. Equity National Life Insurance Company, 373 So.2d 988 (La.App. 3d Cir.1979), writ denied 376 So.2d 319 (La.1979) and 376 So.2d 320 (La.1979). However, when interpreting insurance contracts, it is mandatory to evaluate the policy as a whole. While the labels and headings of the respected sections are pertinent, one section should not be construed separately so as to disregard the other sections or placements. Benton Casing Service, Inc. v. Avemco Insurance Company, 379 So.2d 225 (La.1979); Harvey v. Mister Lynn's, Inc., 416 So.2d 960 (La.App. 2d Cir.1982). In order to be ambiguous, an insurance contract must not only be susceptible of two or more interpretations, but both must be equally reasonable. Elmer v. Washington National Insurance Company, 308 So.2d 312 (La.App. 3d Cir.1975), writ denied 312 So.2d 340 (La. 1975).
The face of the Binghams' insurance policy states that the limits of liability for unscheduled property are $25,500.00. The insuring clause on the cover of the policy provides that the company, "to an amount not exceeding the limit of liability above specified," insures the insured "to the extent of the actual cash value of the property at time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss" against all loss by the perils insured against. [Emphasis ours.]
This court had occasion to establish the definition of the term "actual cash value" as limited by the term "not exceeding the amount which it would cost to repair or replace the property with material of a like kind and quality." In Mercer v. St. Paul Fire and Marine Insurance Company, 318 So.2d 111 (La.App. 2d Cir.1975), we approved the assessment in Reliance Insurance Company v. Board of Supervisors, Louisiana State University and Agricultural and Mechanical College, 255 F.Supp. 915 (E.D.1966), that in determining actual cash value, the court should consider original cost, possible appreciation and depreciation, the nature of the property lost and the current replacement cost. This court further stated that "[t]he touchstone for the court in determining actual cash value is the basic principle that an adequately insured person should incur neither economic gain nor loss when his property is destroyed by fire."
The home contents replacement cost endorsement states that "coverage of this policy is extended to include the full cost of repair or replacement without deduction for depreciation" under Coverage C, which is Unscheduled Personal Property. The last sentence of the endorsement provides that all other terms and conditions of the policy not in conflict with the endorsement remain unchanged.
Although the endorsement provision is not written as plainly as it might have been, we determine that in the context of the policy as a whole, it is not ambiguous and not in conflict with other provisions of the policy. The aforesaid provisions, being all of those in the policy which bear on the issue, can and should be read as a whole to the effect that the endorsement at issue simply changes the definition of the insuring *1046 clause to eliminate depreciation as a consideration of valuewithin policy limits. In other words, this endorsement simply provides that in case of loss of unscheduled personal property within policy limits, the company is obligated to repair or replace the property with material of a like kind and quality within a reasonable time without consideration of any depreciation which might have occurred to the property. Stated yet another way, by this endorsement the parties contractually removed the jurisprudential inclusion of depreciation as a factor in determining actual cash value within policy limits.
The defendant was assessed all court costs by the trial court despite the granting of its motion for summary judgment. Although LSA-C.C.P. Art. 1920 gives the trial court discretion to assess costs, as a general rule, the party cast in judgment is assessed the costs of the litigation. Watson v. State Farm Fire and Casualty Insurance Company, 459 So.2d 1235 (La.App. 1st Cir.1984). The defendant has prevailed in this motion for summary judgment. We find no basis for assessment of costs against the defendant. The judgment of the trial court with respect to costs is hereby reversed and the plaintiffs-appellees are assessed all costs of these proceedings.
AFFIRMED IN PART, REVERSED IN PART.