Lavay E. LAUTER, Appellant,

v.

Margaret Ann KAYS and Edwin L. Cohen, Executor of the Estate of Meade M. Robinson, Deceased, Appellees.

No. 87–CA–602–MR.

Court of Appeals of Kentucky.

June 24, 1988.

■■■■■■■■■■■■■■■■■■■

William B. Hoffman, Louisville, for appellant.

Bill V. Seiller, Maxine E. Bizer, James T. Lobb, Louis Cohen, Louisville, for appellees.

Before HOWERTON, C.J., and GUDGEL and HAYES, JJ.

HAYES, Judge:

Lavay E. Lauter appeals from a summary judgment of the Jefferson Circuit Court. Her dispute with the appellees, Margaret Ann Kays and Edwin L. Cohen, involves the construction of the will of Meade M. Robinson. Meade Robinson executed his will about two months before his death on March 23, 1986. Mr. Robinson's wife predeceased him and he did not have any children. His will was prepared by his attorney, Mr. Cohen, who was designated executor of the estate, and is one of the appellees in this matter.

The will made specific monetary bequests ranging in amounts from $2,000 to $5,000. In addition to these specific monetary bequests, the will devised to appellant, Ms. Lauter:

> [M]y real estate at 2016 Grasmere Drive and all the household contents therein with the exception of the furniture in the first floor bedroom and also with the exception of my stamps and books....

Mr. Robinson's will directed his executor to sell the stamp collection and books and to place the proceeds in the residuary estate. To Mrs. Kays, the other appellee in this matter, Mr. Robinson left "... the furniture in the first floor bedroom" and "all the rest and residue of my property ... whether such property be real, personal, or mixed, of whatsoever kind or character and wheresoever situated...."

Shortly after Mr. Robinson's death, his voluminous stamp collection was removed from a file cabinet in his home and turned over to Mrs. Kays. It is not clear from the record before us why this was done. We cannot discern whether the executor believed the stamp collection would be safer in the custody of Mrs. Kays as a bailee (Mrs. Kays executed a bailee's receipt when she received the collection), or if she personally preferred to keep the stamp collection, rather than have the proceeds from a sale. In any event, when the stamps were removed from Mr. Robinson's residence, some securities were found in the same file cabinet with an estimated market value at the time of their discovery of nearly $400,000. Shortly thereafter, Ms. Lauter commenced an action for will construction seeking a declaration that the securities were intended to pass to her as part of the contents of the household. Mrs. Kays counterclaimed seeking a contrary declaration that the securities were to pass to her as part of the residuary estate.

In her motion for summary judgment, Mrs. Kays argued that Mr. Robinson intended the phrase household contents contained in his will to include items such as silverware, china and appliances. Her motion was supported by the affidavit of Mr. Cohen, who prepared the will. In her response, Ms. Lauter argued that the term household contents was ambiguous and susceptible to two interpretations, that summary judgment would be inappropriate in such circumstances, and that an evidentiary hearing should be held and extrinsic evidence of the testator's intent considered. Ms. Lauter's response was supported by the affidavits of her mother, Lavay T. Lauter, and Boyden Dacon, both of whom were acquainted with Mr. Robinson and received monetary bequests under his will. The trial court granted the motion for summary judgment ruling that the bequest to Lavay E. Lauter was limited to "real estate and household contents located therein ... such as furniture, furnishings and decorations therein, and [did] not include any corporate securities...."

■■■ We agree with the trial judge that summary judgment was warranted in this case. It is well settled in this jurisdiction that:

The cardinal principle in construing a will is, of course, to determine the intention of the testator as gathered from the will in its entirety. When this can be done, the technical rules of construction are. not needed and should be discarded. [Citations omitted.] It is necessary in construing a will to keep in mind at all times that the real answer sought after is not to be found in what the testator meant or intended to say but what is meant by what he actually said.

*Scheinman v. Marx*, Ky., 437 S.W.2d 504, 507–508 (1969). We find no ambiguity, either patent or latent, in the use of the phrase "household contents" in Mr. Robinson's will. The testator's intent is apparent from the face of the will, and extrinsic evidence is not admissible to elucidate the plain and specific language employed by the testator. We believe the trial court correctly found, therefore, that there is no genuine issue of material fact to be adjudicated and that Mrs. Kays is entitled to judgment as a matter of law. CR 56.03.

Our research revealed no cases in Kentucky in which the court was asked to construe the phrase "household contents." Although it lends some guidance, our recent decision in *Molloy v. Molloy*, Ky. App., 727 S.W.2d 870 (1987), is not dispositive in this instance. In *Molloy* we held that the testatrix's bequest of "personal articles and effects" did not include one million dollars worth of stock. The precise language of the bequest, however, was as follows:

All my household and kitchen goods, furniture, rugs, pictures, silver, linens and other such equipment, and all my jewelry, clothing *and personal articles and effects*.... (Emphasis added.)

*Molloy, id.* at 873. Because the general words "personal articles and effects" were preceded by a list of very specific items, we found the doctrine of *ejusdem generis* to apply and that the stock was not "in the same class as bedspreads and tablecloths." *Id.*

In the case of Meade Robinson's bequest of "household contents," the doctrine of *ejusdem generis* is inapplicable. The

phrase used in his will is not preceded by a list of specific personal items. We are not persuaded by Ms. Lauter's argument, however, that by excepting his stamps and books from his bequest to her, Mr. Robinson intended an all-encompassing definition for the phrase "household contents" and that he meant for the securities to be considered part of the household contents while the stamps and books were not. Because the exception reads "with the exception of the furniture in the first floor bedroom *and also* with the exception of my stamps and books" (emphasis added), it seems apparent to us that Mr. Robinson was excepting two different categories of property from his bequest. The bedroom furniture was considered part of the household contents, while the stamps and books were another type of property that Mr. Robinson wanted to make the subject of a specific bequest.

■ Although in *Dickson v. Dickson*, 180 Ky. 423, 202 S.W. 891 (1918), the former Court of Appeals found that a husband's bequest of "all my household furnishings and effects" included the income from personal property consisting of cash, notes and corporate stocks, it did so in order to avoid intestacy. This result is consistent with those in other jurisdictions and illustrates an exception some courts have made to the general rule that a bequest of household contents does not ordinarily include choses in action such as promissory notes, bonds or securities which are not ordinarily considered to have a locality. In those instances where courts have construed similar bequests to include choses in action, they appear to have done so to serve other presumptions of will construction such as the one against intestacy. *See* Annot., 149 A.L.R. 968 (1944). There is no potential for intestacy, however, in light of the terms of Mr. Robinson's will. We believe that in the absence of any manifest expression of an intent to include choses in action, a gift of "contents" of a residence is limited to those things ordinarily identified with a building or a home.

■ We note with approval a decision by the New Jersey Supreme Court which dealt

with the issue of whether cash found in a bedroom trunk was included in a bequest of real estate and all household chattels which stated that:

> [M]onies in bank accounts evidenced by bank deposit books, stocks, bonds and other evidence of indebtedness, personal jewelry, articles of personal adornment, and the like, do not pass under a bequest of "household chattels" simply because they happen fortuitously to be in the premises at the time of decedent's death.

*Wright v. Dzienis,* 77 N.J.Super. 455, 187 A.2d 8, 9 (1962). We believe that the securities at issue in this case fall within the scope of this analysis. The securities happened to be in Mr. Robinson's home at the time of his death, but they are simply not household contents. The phrase "household contents" customarily and ordinarily encompasses articles of personal property typically used in and about the household and appropriate to the functioning and enjoyment of the household. Securities simply do not conform to this categorization and there is nothing in the will to suggest that the phrase household contents was intended to include anything other than articles such as furniture, furnishings, linens, silverware, glassware, utensils, household supplies, equipment and appliances.

Although we did not rely on it in rendering this decision, we believe the copy of the memorandum attached to Mr. Cohen's affidavit substantiates the result reached by the trial court. The memorandum was delivered by Mr. Robinson to Mr. Cohen for his use in preparing the will and details the manner in which Mr. Robinson wished his property to be distributed. The memorandum shows clearly that Mr. Robinson was leaving to Lavay Lauter his "House-Furniter [sic] therein except in Bed Room First Floor." There is simply no indication that Mr. Robinson intended to leave Ms. Lauter anything other than the house and its furnishings.

We believe that the trial court correctly determined Mr. Robinson's intent from the four corners of his will when it held that the securities found in his home belong to appellee, Margaret Kays, as the residuary beneficiary.

The trial court's judgment is affirmed.

All concur.